## No. 710

### First Circuit

---

## TOLLE v. GRAHAM

---

(February 12, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Builders and Buildings—Par. 18, 30.**

The burden of proof is on the plaintiff as contractor to prove an account of extra work and extra material furnished on a job.

2. **Louisiana Digest—Appeal—Par. 625; Builders and Buildings—Par. 29.**

The finding of the trial court on a matter of fact, namely, that there was no extra work ordered on a construction job, being clearly correct, is affirmed.

Appeal from the District Court, Parish of Tangipahoa. Hon. Columbus Reid, Judge.

Action by Albert Tolle against Mrs. A. A. Graham.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Ellis & Ellis, of Amite, attorneys for plaintiff, appellant.

J. J. Jackson, of Hammond, attorney for defendant, appellee.

ELLIOTT, J.    Action by contractor to recover on account of alleged extra work and material furnished on a job.

Albert Tolle alleged in an original petition that he had erected a residence for defendant, Mrs. A. A. Graham, under a contract. That he had received from her on that account $1000.00, leaving a balance of

$387.37 due under the contract. He annexed to and made part of his petition an itemized account showing materials furnished and labor performed on said work amounting to $1387.37. In response to prayer for oyer of the contract he alleged by an amendment to his petition that the material was furnished and the work was done, not in erecting, but in repairing and painting defendant's residence. That the repairs consisted of re-roofing her dwelling house and in painting and repairing the porch at a cost of approximately $1000.00. That he erected for her, in addition, a wood shed and garage, repaired screens, decayed cornices and sills; which additional work, amounting to $387.37, was extra work, and the material furnished for that purpose extra material not provided for in the original contract.

Plaintiff's demand as amended is solely on account of extra work and extra material furnished for extra work not provided for in the original agreement.

The defendant answering, denied being indebted to the plaintiff, and that the erection of the wood shed, garage, repairing screens, windows, decayed cornices and sills was extra work. She alleges that same was part of their original and only agreement, entered into between them, in which plaintiff agreed and bound himself to do all the work for $1000.00, and that said sum had been paid to him.

The first trial resulted in the rejection of plaintiffs demand. A new trial was granted on plaintiff's allegation on newly discovered evidence. After a new trial plaintiff's demand was again refused and he appealed. The alleged new evidence has very little weight. It consists of two employees working for plaintiff and employed on defendant's work; one of them called on plaintiff with a bill for the amount demanded in this case; but his version as to what defendant said as her reason for refusing to pay it adds very little weight to plaintiff's case. Their evidence must have been known to the plaintiff at the time of the first trial and was not thought worth while; in fact, it was not. The plaintiff and the defendant are the only two witnesses in the agreement entered into between them. We have considered and taken into account all the supporting facts and evidence on which plaintiff depends and are not convinced that he should recover anything. His testimony about his right to demand from defendant the amount sued for as extra work and for extra material furnished is uncertain and indefinite and short of the point. The work was done in 1923, and this suit was not filed until January, 1926. Defendant testifies very definitely that the agreement was that she could pay only $1000.00 and no more. That for this $1000.00 plaintiff undertook and bound himself to repair and paint her dwelling, all as was done, and to reconstruct her wood and wash shed, making it large enough for wood and to wash under, and to hold, in addition, an automobile, all for the $1000.00 which she paid him immediately upon completion of the work. The burden of proof is upon the plaintiff. His demand was properly refused.

Judgment affirmed; plaintiff and appellant to pay the cost in both courts.