SAVOY, Judge.
This is a suit by an assured, plaintiff, against his defendant collision insurance carrier. About midafternoon on Sunday, August 2, 1959, plaintiff’s automobile was damaged when parked on an incline or hill by a truck, owned by a third party, which truck rolled backward a distance of about 40 to 50 feet, striking the grill area of plaintiff’s automobile, and damaging that area, as revealed by the record, to the ex-te'nt of $120.56. On Monday night, August 3, 1959, after being driven some 30 to 50 miles in the interim, the engine of plaintiff’s automobile suffered extensive damage due to overheating. It developed that the Welch or soft plug, as it is sometimes called, had come out of the engine block, causing the water to drain from the radiator and engine block. Plaintiff has set forth total damages of $703.39, and sued for $603.39 (the collision policy in question having a $100 deductible), plus five *343 per cent per annum interest from date of loss and an additional twenty-five per cent and $250 attorney’s fees as penalty, alleging that the total damage suffered resulted from the aforesaid collision.
Defendant, on the other hand, while admitting liability, less deductible, under the policy for the damage done to the grill of plaintiff’s automobile, denied that the collision had caused any damage resulting in the subsequent overheating of the engine.
After a hearing on the merits, judgment was rendered by the trial court in favor of plaintiff for $603.39 plus five per cent per annum interest from date of judicial demand and costs.
A reading of the transcript reveals the following:
a. Plaintiff had purchased the automobile, a 1958 Desoto Fireflite four door sedan, used, approximately one to two weeks prior to August 2, 1959.
i>. The automobile was unquestionably in very good condition generally at the time of plaintiff’s purchase, this point having been very strongly established by the testimony of mechanics who checked it over for plaintiff in connection with his intended purchase.
■c. Nothing was found to be wrong with the cooling system generally or the radiator in the check-ups referred to above.
■d. The automobile, including the radiator, had been serviced at a service station the day before the collision, at which time the radiator was found to be full, needing no water.
•e. The automobile had been serviced three or four times between the dates of plaintiff’s purchase and the collision, at which times the cooling system was in apparent good working condition.
-f. On the question of whether or not a collision of the type and intensity as the one here involved could cause the Welch plug to be dislodged, the testimony was, for the most part, conflicting and somewhat confusing. Of the four mechanics who testified for plaintiff, two expressed no direct opinion, one believed it could not have dislodged the plug, one felt that it could have, but could not say that it in fact had. It was stipulated between counsel that two mechanics summoned to testify on behalf of defendant would state that, in their opinion, the plug would not have been loosened or dislodged by a collision such as the one in the case at bar.
g. It was established that more or less immediately following the collision and the events of the day following, the air conditioning unit and thermostat of plaintiff’s automobile were checked and found to be functioning properly, ruling out, we feel, any presumption of the damage having been so caused.
h. Several inconclusive references were made and opinions drawn to the effect that the collision could have caused leaks in one or more hoses, resulting in a lowered water level and a build-up of pressure which could have dislodged or blown out the Welch plug.
Both plaintiff and defendant point out in their briefs that plaintiff’s case is, to some degree, or even.to a considerable degree, circumstantial. We must admit that the circumstantial element makes the issue more difficult to decide than might otherwise be the case. However, the issue is strictly a factual one, namely, whether or not the collision caused the damage from overheating: We feel that the learned trial judge carefully considered the evidence as and when it was presented. We feel, additionally, that the very strong evidence of the good, even excellent, condition of the automobile a day prior to the collision, places the preponderance of the evidence *344 in favor of plaintiff, as well as the substantial evidence that the force of the collision could have caused a hose defect or leak or a plug displacement from which the subsequent over-heating of the motor resulted. Certainly, from a reading of the record, there is nothing to indicate manifest error on the part of the trial judge in the conclusion drawn from his interpretation of the facts. Under the well-established rule, we would not feel justified in upsetting his decision, particularly on a strictly factual issue, unless manifest error was apparent.
In its brief, defendant-appellant urges that plaintiff-appellee be made the party cast on the basis of the contention that defendant had previously made a tender of the amount due. The transcript reveals that defendant tendered the sum of $20.56 to plaintiff at the beginning of. the trial, which was refused by plaintiff, and that while defendant had made an offer of the same amount by letter prior to trial and after the filing of suit, the letter was not claimed by defendant to constitute a tender. However, defendant does take the position that a tender was made, as aforesaid, at the time of trial. Under Article 417, Code of Practice, tender may be made at any time prior to a definitive judgment. However, under Article 407, relative to the tender of money, it is, inter alia, clearly set forth that the tender, in order to be binding upon the party paid, must include not only the amount due, but also interest and costs accrued to date. There was an attempted tender made by defendant at the time of trial, however, there is no showing that accrued costs and interest were included therein. There is, of course, also a question of. what was the “amount due”, but at any rate, we feel it is clear that a tender as contemplated by law was not made, that plaintiff was not bound to accept it as and in the amount offered, and that, accordingly, the trial judge’s ruling relative to assessment of costs should not be disturbed.
In like manner, we feel that the learned trial judge’s refusal to grant penalties and attorney’s fees to plaintiff was not erroneous for the reason that it does not appear that defendant acted arbitrarily or capriciously. Furthermore, the transcript does not reveal that the issue was seriously raised on the trial, and we, therefore, conclude that it was not. Accordingly, the ruling shall remain unchanged.
For the reasons thus assigned, the judgment of the lower court is affirmed, all costs of this appeal to be borne by defendant-appellant.
Affirmed.