BARNETTE, Judge.
Boston Insurance Company and its insured Oak Builders, Inc., have suspensively appealed from a $1,215 judgment against them in favor of Harry Liwerant. This award was based on the failure of Oak Builders to fulfill an alleged contractual agreement with Liwerant. Boston Insurance Company was the performance bondsman of Oak Builders.
Early in 1965, Oak Builders was engaged in building a multistory apartment house under a contractual agreement with its owner. In connection wtih this work John S. Morvant, the president of Oak Builders, contacted Harry Liwerant, a metalwork contractor, to arrange for Liwerant to do the iron work on the building. An oral contract was entered into and the work was subsequently done. As the work on the structure progressed, Oak Builders desired additional ironwork, which Liwerant provided. The contracts for this additional work were also by oral agreement. The questions of what was additional work and what price was agreed upon for such additional work were the issues before the trial court.
As the lower court action proceeded, it evolved that there were only two items in dispute. The first of these involved the installation of old iron which was furnished by the owner of the apartment house. Oak Builders contended that the charge for installing this old iron had been included in the initial oral contract agreed upon between them and Liwerant. Liwerant alleged that this was an additional item and not included in the original' oral contract. He contended that he and Morvant agreed upon $334 as the price for this alleged additional work.
The second item of dispute concerned the construction and installation of a grill work screen in front of the stairway. Both parties admitted that this was an extra and not part of the initial oral contract. The bone of contention was the price agreed upon for such work Liwerant contended that both parties had agreed the cost was to be $2 a square foot. Under this formula he computed the price to be $1,215 for the grillwork. Oak Builders alleged that both parties had agreed to determine the cost on a running foot basis at $2 a foot. Under this method they found that they owed Liwerant $640 (320 running feet) for the structure.
The lower court, as stated above, gave a judgment in favor of Liwerant for $1,215. This was the exact amount claimed by Li-werant for the grillwork on the front of the stairway. No written reasons were given for the lower court’s judgment. Therefore, we must presume that the trial judge believed that the reworking of the old iron was a part of the original contract with Liwerant not being entitled to an additional $334 for such work; and that the agreed method for determining the price of the stairway grillwork was by the square foot. The trial record offers us no enlightenment as to any other interpretation of the lower court’s judgment.
After a careful consideration of the trial record, it appears to us that the lower court was of the opinion that the above $334 item was included in the initial contract and that plaintiff was not entitled to payment of this amount as an additional charge. Liwerant in his answer to the appeal concedes that he does not now question the judgment of the trial court on that item. Therefore, the only item of dispute before us on appeal is that which concerns the price of the stairway grillwork.
The ornamental grillwork used to screen the front of the stairway is based on a brick foundation, the exact height of which is not clear. The grillwork is made up of panels, or columns, consisting of two square rods with ornamental ironwork between. They are high enough to form a decorative screen for the outside stairway serving three floors. The panels, or columns, are separated from each other by approximately 5 inches. Morvant testified that there were 16 columns involved, each with an approximate length of 20 feet. Liwerant admitted *927 that there were 16 columns and did not deny the contention of Morvant that each was approximately 20 feet long. Thus, it is more or less accepted that there were 320 running feet involved. Liwerant testified that the front of the stairway, which the grillwork was used to cover, was 9 feet in width. If we multiply 9 feet by 20 feet (the width of the stairway by the height of the columns), we come out with the figure of 180 square feet. If Liwerant was to be paid on the basis of $2 a square foot, he should receive only the sum of $360. It is impossible to ascertain how he arrived at the sum of $1,215 on the basis of $2 a square foot.
We are of the opinion that the price agreed upon was $2 a running foot and that the price of $640 is the award which should have been granted to Liwerant by the lower court. The trial judge was in error in granting the award of $1,215. Li-werant had the burden of proof and he failed in this respect. Even though Oak Builders consented to the additional work, Liwerant still had the burden of proving the price of the extra ironwork. Gulotta v. Swinney, 143 So.2d 775 (La.App. 1st Cir. 1962); Tolle v. Graham, 5 La.App. 576 (1927). Plaintiff sets his price at $1,215, but nowhere does he testify how many square feet at $2 a square foot were involved. Therefore, he failed to carry his burden of proof to an extent sufficient to justify the award of $1,215.
There was also some question in the lower court as to what was the price agreed upon by the parties for the initial oral contract. Liwerant contended that the price was $5,850. Morvant alleged that it was $6,000. This issue plays an important part in our judgment, since both parties admit that Liwerant has already received $6,269.-25 in payment of the debt owed him by Oak Builders.
We have no written reasons for judgment to determine which the trial judge believed to be the true price. Giving the plaintiff the benefit of the doubt, we will assume that the defendants’ alleged contract price, namely $6,000, was the price agreed upon by the parties. Defendants admit plaintiff is entitled to additional payment of $41.20 for parking lot guard rails and $124.63 for change in design of a handrail. This would make the total contract liability of the defendants to the plaintiff the sum of $6,805.-83, including extras. Since Oak Builders has already paid $6,269.25, that leaves them owing Liwerant $536.58. This is the exact amount that Oak Builders tendered to Li-werant in a check prior to the bringing of suit. Liwerant did not cash this check because it contained the notation that it was in full settlement.
Having made tender of the amount due, the defendants should not be cast for interest and costs. Frey v. Fitzpatrick-Cromwell Co., 108 La. 125, 32 So. 437 (1902); Gas Appliance Co. v. Hamlin Homes, Inc., 147 So.2d 228 (La.App. 4th Cir. 1962). Since the tendered check is not now negotiable, LSA-R.S. 7:186, and a new check will have to issue, judgment will be rendered accordingly.
The judgment appealed from is amended and recast so as to read as follows:
It is ordered, adjudged and decreed that there be judgment in favor of plaintiff Harry Liwerant against Oak Builders, Inc., and Boston Insurance Company, in solido, in the full sum of $536.58 with judicial interest from the date of finality of this decree, all at plaintiff’s cost in both courts.
Recast and rendered.