202 So.2d 465 (1967)
Famie JOHNSON, Natural Tutrix of the minor, Mona Rita Chaney, Plaintiff-Appellant,
v.
Charles J. MARSHALL et al., Defendants-Appellees.
No. 7119.
Court of Appeal of Louisiana, First Circuit.
June 30, 1967.
Rehearing Denied September 27, 1967.
Writ Refused November 6, 1967.
*466 Edward N. Engolio, Plaquemine, for appellant.
Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, for appellees.
Before LANDRY, ELLIS and BAILES, JJ.
BAILES, Judge.
This is a tort action instituted by Famie Johnson, the natural mother and confirmed tutrix of the minor, Mona Rita Chaney, who was injured when an automobile allegedly struck her on Highway One, a short distance north of White Castle, Louisiana. The defendants are Charles J.
*467 Marshall, who was the owner of the vehicle, and also a passenger therein; Henry J. Luscy, the driver; and Travelers Insurance Company, the public liability insurer of the two first named defendants.
The trial court rendered judgment rejecting the plaintiff's demands and dismissed her suit; however, the defendants were cast for all court costs. The plaintiff prosecutes this appeal from the adverse judgment, and the defendants have timely answered the appeal urging that the trial court was without authority to cast them with the court costs.
We find that the judgment rejecting the plaintiff's demands is correct. Further, we find the trial court erred in casting the defendants with liability for court costs.
There were five witnesses to the accident. These witnesses included the two individual defendants, the grandmother of the injured child and two disinterested witnesses. One of these was the driver of the vehicle which was closely following the automobile driven by Luscy. The other witness was a man who was sitting on the porch of his residence on the east side of the said highway.
From the witnesses who testified and the other evidence offered, we conclude that the following statement correctly sets forth the facts of this accident.
On July 14, 1962, at approximately 6:00 P. M., the accident occurred on Highway One near White Castle, at the intersection of a small shell or gravel road called Cedar Grove Road. At this point, the highway is relatively straight and hard surfaced. The weather was dry and visibility was good. Alongside this highway is a railroad some 100 feet to the west or right side as one proceeds in a southerly direction. The railroad runs parallel to the highway. Some distance to the east is the Mississippi River.
Immediately prior to the accident, the injured child, who was nearly age three, was on the railroad track in the custody of her grandmother. She, the grandmother, and some children, were at the place where the Cedar Grove Road crosses the railroad. At this same time three vehicles were approaching the junction of Cedar Grove Road and Highway One. All three vehicles were traveling at a speed of about 40 to 45 miles per hour, and the maximum legal speed for this locality was 60 mph. There was an interval of 40 to 50 feet between the vehicles. The lead vehicle was driven by a man named Tate, the next vehicle was driven by defendant, Luscy, and third vehicle was driven by a man named Hymel.
For some unexplained reason, the injured child, Mona Rita Chaney, broke away from her grandmother and began to run swiftly toward Highway One, about 100 feet away. Despite the frantic pleading and calling of her grandmother, Mona Rita continued to run toward Highway One. It should be mentioned, at this point, that there was grass of sufficient height to obscure or conceal the presence of a 2 or 3 year old child along the north edge of the Cedar Grove Road between the railroad and the highway. Unquestionably, Mona Rita arrived at the highway at the same time as the Tate vehicle passed in front of her. It was clearly established that the little girl ran into the side of the Tate vehicle. The driver of the Tate automobile attempted to avoid the child and in doing so turned into the northbound lane of travel. The impact propelled the child some distance south on the highway and she came to rest in the middle of the southbound lane of the highway.
Upon seeing that contact between this child and the Tate vehicle was certain, defendant, Luscy, applied his brakes in an attempt to stop his vehicle. In fact, according to the eyewitnesses, contact between the defendants' vehicle and the child was avoided. When the defendants' vehicle stopped it was astraddle the child in the middle of the southbound lane.
*468 The trial judge, in his written reasons for judgment, stated:
"* * *
"* * * Mona Rita Chaney was standing at a point on the western side of Highway 1 going south near the railroad track on a side road whichs runs from the track to the Highway, when the child, Mona Rita Chaney ran from her position into Highway 1. The evidence shows that she was struck or sidewiped (sic) by an automobile which was preceding the automobile drived (sic) by Lusey said automobile being driven by Jessie Tate and which auto prepelled (sic) the child in to (sic) the path of the Lusey car.
"The evidence further shows that Lusey put on his brakes and the car driven by him came to a stop and straddled the body of Mona Rita Chaney. There is some question as to whether Lusey (sic) auto struck the Chaney child.
"However, without passing upon this question, it is the opinion of the Court that a grave emergency was created and faced Lusey and that Lusey did everything within his power to stop and avoid the accident and that he is free from any negligence in this accident.

"* * *
In urging this court to reverse the findings and judgment of the trial court, appellant assigns four specifications of error which we will discuss in the order presented by plaintiff.
"1. The trial court erred in holding that Luscy put on his brakes and came to a stop and struck the body of Mona Rita when the evidence shows that Mona Rita was dragged 75 feet from the intersection where she was struck."
We find no evidence to justify a conclusion that the defendants' vehicle struck the body of this little girl, or that she was dragged at all by the vehicle.
"2. The court erred in not passing on the factual issue as to whether or not Luscy did strike the Chaney child. * * *."
Regardless of whether the trial judge made the determination, we find, from the evidence, that Luscy did not strike the Chaney child.
"3. The court erred in stating that `Luscy did everything in his power to stop and avoid the accident and that he is free from any negligence in this accident.'"
"* * *
We affirmatively find that the record clearly justifies the conclusion that defendant Luscy was guilty of no actionable negligence. In the first place, we find that the defendants' vehicle did not strike Mona Rita Chaney nor did it inflict any injury whatever on her person; and secondly, we find, assuming arguendo, that defendants' vehicle did strike this child, the evidence preponderates in favor of defendants. Plaintiff urges us that the accident could have been avoided if Luscy had been following the Tate vehicle at a proper distance. Even though Luscy was following the Tate vehicle at an interval of less distance than that provided for by the Highway Regulatory Act, this fact had no causal relationship with the events which occurred subsequent to the child running into the side of the Tate automobile. The purpose of the statutory interval is to lessen the chances of a lead vehicle being struck from the rear by a vehicle following too closely.
Plaintiff cites a number of cases standing for the legal proposition that a motorist is charged with knowledge that a child playing or walking along a street or highway may unexpectedly and unpredictably enter an adjacent street or highway, and that a motorist is exposed to liability should he fail to anticipate such condition and a child is thus injured. We have no quarrel with these cases. These cases have no factual application to the case before us. The child, in the instant case, ran from an obscure place on to the highway suddenly and without her presence being ascertainable by defendant, Luscy.
*469 "4. Since 2½ years elapsed from the trial date to the rendition of judgment without the benefit of a transcript of the evidence, the court could not consider the facts sufficiently to reach an interpretation of those facts decisive of the issues involved in this case."
Admittedly the trial judge delayed a considerable period of time between the date of trial (November 6, 1963) and the date he rendered his opinion (April 6, 1966), even so, we find no error in his determination of liability to the plaintiff.
We find the trial judge correctly determined that the defendant-driver, Luscy, was guilty of no actionable negligence.
We turn now to consider the appellee's contention that the trial court erred in casting the defendants for the costs of the trial court. LSA-C.C.P. Article 1920 states:
"Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
"Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable."
The court in Connolly v. Commercial Nat. Bank in Shreveport (1950) 89 F.Supp. 976, held that "in the absence of some reason in equity or otherwise to control, costs generally follow the final judgment in favor of the prevailing party." Article 1920 does not mean that there are no guidelines to govern the taxing of costs. The defendants in the present case have been found to be in no way negligent. There is no showing that the trial was prolonged or the costs increased by any action of the defendants. It is our opinion that the trial court abused its discretion in casting these defendants with the costs of the court.
Therefore, for the reasons assigned above, the judgment of the trial court casting the defendants, Charles J. Marshall, Henry J. Luscy, and The Travelers Insurance Company, in solido, for all costs is reversed, and all costs, both in the trial court and on appeal are assessed against plaintiff.
In all other respects, the judgment of the lower court in favor of the defendants and against the plaintiff, Famie Johnson, individually and as natural tutrix of her minor child, Mona Rita Chaney, is affirmed.
Affirmed in part, reversed in part, and rendered.