CULPEPPER, Judge.
This is a suit by a subrogated collision insurer for damages to the vehicle of its insured, Mrs. Mary Raxdale Maxwell. Mrs. Maxwell was proceeding in the west bound lane of Brown’s Bend Road in the. city of Alexandria. She collided with an automobile being backed out of a private driveway north of the road by defendant, John R. Cooper. At the site of the accident, Brown’s Ben Road is a two-lane, two-way asphalt road, relatively straight for some distance in either direction. A light rain was falling and the surface of the road was wet. But it was daylight and visibility was good.
The trial judge found the accident was caused solely by defendant Cooper’s negligence. The judgment awards plaintiff $221.08, but assesses all costs against plaintiff. Defendant appealed. Plaintiff answered the appeal, seeking assessment of costs against the defendant.
It is clear, as the trial judge held, that defendant Cooper was negligent in backing out of his driveway into Mrs. Maxwell’s path when it was not reasonably safe. The principal issue is whether Mrs. Maxwell was contributorily negligent in not avoiding the collision.
Mrs. Maxwell testified that she was driving about 25 miles per hour when she first saw Cooper’s vehicle about 100 feet ahead backing out of the driveway onto the road. She was unable to observe Mr. Cooper’s automobile prior to that time because of a row of pecan trees which paralleled the roadway. She says she immediately applied her brakes, but her tires skidded on the wet pavement. The rear of her car skidded around clockwise. The left front side of her car struck the right rear of the Cooper vehicle.
Mrs. Maxwell testified that Mr. Cooper’s car was about a third out into the road when the collision occurred. The stipulation entered in lieu of Trooper Noel Reed’s testimony placed the point of impact about three feet to the right (north) of the center of the road, based on debris found there.
Mr. Cooper testified that he thinks his car was some six to twelve inches off the pavement and stopped at the time of the collision. But the trial judge found the accident occurred in the manner described by Mrs. Maxwell and corroborated by the investigating officer.
“Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review.” Canter v. Koehring Company, 283 So.2d 716 (La.1973); Bloodworth v. Bloodworth, 306 So.2d 812 (La.App., 3rd Cir. 1975). Under these rules, we find no error of fact by the trial judge.
Counsel for defendant-appellant urges that due to the testimony of Mrs. Maxwell that, had she not gone into a spin she could have gone around the Cooper vehicle, the case becomes indistinguishable from that of Grimes v. Rivers, 301 So.2d 739 (La.App., 3rd Cir. 1974). Grimes is distinguished. There, a pulpwood truck was parked partially on the blacktop on a dark foggy night. We held plaintiff con-tributorily negligent for driving blindly through the fog at such a speed that he could not see the truck in time to avoid striking it. Here, it was daylight and visibility of the road ahead was clearly sufficient to justify a speed of 25 miles per hour. There was no obstruction on the road until Cooper’s car backed out 100 feet ahead. Mrs. Maxwell acted reasonably in applying her brakes, rather than trying to go around the rear of Cooper’s car, because she could not anticipate that Cooper would cease his backing maneuver before blocking the east bound lane.
Counsel for defendant-appellant also urges that our decision in Ardoin v. Trav *668 elers Insurance Company, 229 So.2d 426 (La.App., 3rd Cir. 1969) should control the instant case, and that Mrs. Maxwell should be held contributorily negligent for assuming her path was clear.
We distinguish Ardoin from the instant suit. In that case we found that the following driver was negligent in having failed to observe a vehicle 300 or 400 feet ahead of him, when there was nothing to obstruct his vision and the forward vehicle did not suddenly enter his lane of traffic. In the instant suit, Mrs. Maxwell could not see the Cooper vehicle until it suddenly backed out into the street about 100 feet ahead of her. She was driving at a reasonable rate of speed, she saw the Cooper car as soon as she was able to see it, and she immediately tried to avoid a collision.
We conclude plaintiff is not guilty of contributory negligence.
While this is the same result on the merits as was reached by the trial judge, he assessed all costs against the plaintiff. On this point, we reverse the assessment and decree that all costs be paid by the defendant-appellant. LSA-C.C.P. Article 1920 provides:
“Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
“Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.”
In Gonzales v. Southwest Mobil Homes, Inc., 309 So.2d 780 at 785 (La.App., 3rd Cir. 1975), we held that “The broad authority granted to the trial judge under Code of Civil Procedure Article 1920 does not mean that there are no guidelines to govern the taxing of costs. Greenberg v. Fourroux, 300 So.2d 641 (La.App. 3rd Cir. 1974); Johnson v. Marshall, 202 So.2d 465 (La.App. 1st Cir. 1967).” Under these rules, we think that costs should be paid by the defendant-appellant.
For the reasons assigned, the judgment appealed is amended to assess all costs in both the trial and appellate courts against the defendant. Otherwise, the judgment is affirmed.
Affirmed, as amended.