316 So.2d 437 (1975)
Joseph L. LABORDE, Plaintiff-Appellant,
v.
Roy O. MARTIN, Jr., et al., Defendants-Appellees.
No. 4991.
Court of Appeal of Louisiana, Third Circuit.
July 3, 1975.
Rehearing Denied July 24, 1975.
Writ Refused October 13, 1975.
*438 William E. Skye, Alexandria, for plaintiff-appellant.
Gold, Hall, Hammill & Little by John F. Simon, Alexandria, for defendant-appellee.
Kelly Hamm, Alexandria, for intervenors-appellees.
Before FRUGE, HOOD and WATSON, JJ.
FRUGE, Judge.
This is a tort suit filed by Joseph L. Laborde against Roy O. Martin, Jr., and Clyde Norton, who are executive officers of Roy O. Martin Lumber Company, Inc. Plaintiff alleges that defendants are personally liable to him for damages he suffered when he injured his thumb on February 23, 1973, while working for Colfax Creosoting Company, which is the trade name of Roy O. Martin Lumber Company, Inc.
This case was consolidated for trial with plaintiff's workmen's compensation suit against his employer, Roy O. Martin Lumber Company, Inc. We are today rendering a separate opinion in that companion case. See 316 So.2d 440 (La.App. 3rd Cir. 1975).
In the tort suit the trial court found Clyde Norton to be negligent, but found no negligence on the part of Roy O. Martin. The trial court also found that the plaintiff Laborde was contributorily negligent and therefore dismissed the suit. Plaintiff has appealed devolutively from this judgment.
At the time of the accident the plaintiff was employed by Colfax Creosoting Company in Pineville, Louisiana. Colfax Creosoting Company is in the wood preserving *439 business and sells treated lumber for bridge construction, telephone poles, utility poles, etc. Plaintiff was employed by Colfax Creosoting as a forklift operator and his primary duty was to carry stacks of lumber from one location to another. Defendant Clyde Norton is the manager of Colfax Creosoting and he works under defendant Roy O. Martin, Jr., who is President of Roy O. Martin Lumber Company, Inc.
On the date of the accident the plaintiff was working in a new area of the lumber yard which had been converted to lumber storage during the summer before the accident. Due to heavy rains during the winter of 1973 the area became extremely muddy and certain portions of the ground was soft and unstable.
Plaintiff's injury occurred as he was picking up a stack of lumber with his forklift in order to load it onto a customer's truck. The stack consisted of approximately 36 large heavy treated beams. As plaintiff got the lumber on the forks of his vehicle and began to back out with the load, the weight of the load caused the front wheels of the forklift to bog down in the mud. The forklift tilted to the left causing the lumber to slip partially off the forks with one end landing in the mud. At this point one "band" which held the lumber together broke, so that the end of the lumber in the mud spread unevenly.
After an unsuccessful attempt to push the lumber back onto the forks by hand, plaintiff summoned another vehicle in the yard known as a "wiggleworm." The wiggleworm is a four-wheeled vehicle with large tires somewhat similar to a front-end loader and has projections which extend out beyond the end of its forks known as fingers. The plaintiff directed the driver of the wiggleworm to situate the vehicle so that it faced the end of the stack of lumber to the left of the forklift. Plaintiff placed a board against the ends of the planks extending farthest from the forklift. His intention was to have the fingers of the wiggleworm apply pressure to the board which plaintiff was holding and push the planks back to their proper position on the stack so that the stack could be rebound and put back on the forklift.
The accident occurred as plaintiff held the board against the end of the planks with his left hand. He signalled the wiggleworm driver to move forward slowly with his other hand. The plaintiff testified that the wiggleworm began to move forward slowly, then slipped in the mud and jerked forward suddenly, striking the board he was holding. When this happened plaintiff's left thumb was pushed into the stack of lumber, resulting in the injury.
The trial court found that the defendant Norton had breached his duty to furnish the plaintiff with a safe working area. The plaintiff, however, was barred from recovery by the trial court's finding of contributory negligence. Plaintiff has appealed this finding.
Appellee Clyde Norton has answered the appeal contending that the trial court erred in assessing one-half the court costs against him. He also contends that the trial court erred in finding him to be negligent. Because we find that no error was committed in finding plaintiff Joseph Laborde contributorily negligent, we do not discuss the issue of Norton's negligence.
The record establishes that the lumber yard in which the accident occurred was extremely muddy and had been so for a considerable period of time. It is clear that the area in the immediate vicinity of the accident was in the same condition. The plaintiff was obviously well aware of this situation.
Despite these muddy conditions, plaintiff attempted to have the wiggleworm push the planks back into a stack, although to do so the wiggleworm had to work on the very unstable muddy surface. While the wiggleworm was working under these conditions, plaintiff held a board against *440 the planks with his hand in an extremely dangerous position. Our Supreme Court has defined contributory negligence as
"Conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection. The standard of conduct to which plaintiff must conform for his own protection is that of a reasonable man under like circumstances." Smolinski v. Taulli, 276 So.2d 286, 290 (La. 1973). See also Pfister v. Phoenix of Hartford Insurance Company, 290 So.2d 362 (La.App. 4th Cir. 1974).
It is our opinion that plaintiff's conduct in this case was not in conformity with this duty of care. Plaintiff knew that the vehicles had had difficulty in moving through the mud and realized or should have realized that any movement on such a surface would be unpredictable. Despite this, he held his hand on the board in a dangerous position as the wiggleworm came through the mud to push on the board. Other procedures involving less risk could have been employed. For example, the planks could have been unloaded from plaintiff's forklift and restacked by hand.
With regard to the validity of the trial court's assessment of costs, we find no error. Under Article 1920 of the Code of Civil Procedure a court may render judgment for costs against any party as it may consider equitable unless otherwise provided by law. Our jurisprudence fully supports a division of costs between the parties where the equities of the case demand such a result. Bryant v. Harris, 295 So.2d 566 (La.App. 3rd Cir. 1974); Johnson v. Marshall, 202 So.2d 465 (La.App. 1st Cir. 1967). The facts of this case provide a valid basis for the division of court costs.
For the reasons assigned, the judgment of the trial court is affirmed. All costs are assessed to plaintiff-appellant.
Affirmed.
WATSON, J., concurs in the result, being of the opinion that there was no actionable negligence on the part of Norton and that the issue of contributory negligence should not be reached.