410 So.2d 270 (1982)
Jacqueline BOWMAN et al.
v.
NEW ORLEANS PUBLIC SERVICE, INC. et al.
No. 12572.
Court of Appeal of Louisiana, Fourth Circuit.
January 22, 1982.
*271 Robert T. Hughes, New Orleans, for plaintiffs-appellees.
James Maher, III, New Orleans, for defendant-appellant New Orleans Public Service, Inc.
Before REDMANN, SCHOTT and KLEES, JJ.
REDMANN, Judge.
Defendant's complaint, in this appeal from a judgment in its favor on the merits of a tort suit, is that the trial judge cast it for the unsuccessful plaintiff's costs when there exist no circumstances that make it "equitable" within La.C.C.P. 1920 to do so. Defendant does not ask that it be given judgment for its own costs but only that it not be made to pay plaintiff's costs. We reverse.
C.C.P. 1920 provides:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
The basic rule is that all costs both the prevailing side's and his or her ownare to be paid by the party cast, although the court may make an "equitable" different provision for costs. The statutory limit to an assessment of costs other than against the party (or parties) cast is that such an assessment must be "equitable." That limit denies to a trial judge the power either to deny his or her own costs to a prevailing party or to assess another party's costs against a prevailing party unless some circumstances present in the case justify doing so. See Gonzales v. Southwest Mobile Homes, 309 So.2d 780 (La.App. 3 Cir. 1975), writ refused La., 313 So.2d 239.
The necessity for some flexibility in a rule for assessing costs is readily seen. A prevailing party may have expended or caused costs that were wholly unnecessary, as by subpoenaing pointless witnesses on his or her own or by doubtful continuances obliging the losing party to re-subpoena witnesses. Or a prevailing party's communication-repelling behavior before suit might be such that he or she "deserved" to be sued or to have to sue even though he or she prevailed; and it might be equitable to oblige such a party to bear his or her own costs. See Custom Builders & S. Co. v. Revels, 310 So.2d 862 (La.App. 3 Cir. 1975).
But the trial judge ordinarily may not cast all costs against a prevailing party; Johnson v. Marshall, 202 So.2d 465 (La.App. 1 Cir. 1967), writ refused 251 La. 217, 203 So.2d 555; Dauzat v. Kroger Co., 323 So.2d 170 (La.App. 3 Cir. 1975), writ refused La., 325 So.2d 819; MFA Mutual Ins. Co. v. Fidelity & Casualty Co. of N.Y., 318 So.2d 666 (La.App. 3 Cir. 1975); although there may be circumstances justifying doing so, as in Green v. Orleans Parish Sch. Bd., 365 So.2d 834 (La.App. 4 Cir. 1978), writ refused La., 367 So.2d 393,[1] and where defendant *272 before suit is filed has tendered an amount at least equal to the judgment rendered, and plaintiff rejected the tender, plaintiff is cast for all costs, Liwerant v. Boston Ins. Co., 198 So.2d 925 (La.App. 4 Cir. 1967).
The underlying principle of Code and jurisprudence is that the party whose behavior unjustifiably causes costs to be incurred ought to pay them.
We might be able to find a certain "equitableness" to defendant's paying its own costs here (a question not at issue) on a theory that by leaving its vehicle in a position to be stolen, it "deserved" to be sued, but plaintiffs can only have expected in this state, on the basis of prior decisions, to lose their suit, and their having brought the ill-founded suit is the unjustifiable behavior which caused their own costs. We find no circumstances in the record justifying the casting of defendants for plaintiffs' costs.
The judgment on costs is reversed; each party is to pay its own costs.
NOTES
[1] Green did not specify the unusual circumstances upon which the costs decision was based. But the overall picture of the public school board control over the physical surroundings and athletic activity that resulted in the very great damages to the student and his family, and perhaps other circumstances not disclosed by the reported opinion, presumably persuaded the court that it was "equitable" that the public should bear not merely its own costs but those of plaintiffs as well.