580 So.2d 453 (1991)
Henry HASKELL
v.
Henry L. HAWKINS, III.
No. 90-CA-793.
Court of Appeal of Louisiana, Fifth Circuit.
May 15, 1991.
*454 Ernest A. Burguieres, III, New Orleans, for defendant-appellant.
Irving B. Shnaider, New Orleans, for plaintiff-appellee.
Before BOWES, DUFRESNE and GOTHARD, JJ.
BOWES, Judge.
Defendant, Henry L. Hawkins, III, appeals from that portion of the judgment of the trial court which awarded to plaintiff costs and attorney's fees. We affirm in part and reverse in part.

FACTS
Mr. Hawkins was the owner of a 1973 Porsche 911S, which he decided to sell in the spring of 1989. He contacted Chris Carbine, who agreed to act as the automobile broker for defendant in connection with the sale of the car.
Plaintiff, Henry Haskell, contacted Mr. Carbine to inquire about the Porsche. When Haskell first viewed the car, it was equipped with "European-style" headlights and taillights. Haskell apparently indicated that he was interested in purchasing the car with the "original factory-installed" headlights and taillights.
The two parties entered into a contractual agreement wherein Hawkins sold to Haskell the following:
"One 1973 Porsche 911 two-door automobile, brown in color, bearing Vehicle Identification Number XXXXXXXXXX and State of Louisiana Certificate of Title Number C7250247, including a complete 1973 tool kit, 1973 jack or equivalent, as per owner's manual, original tail (2) and head (2) lights, car cover, owner's manual, delivery booklet with VIN and engine numbers matching the car, service receipts dated 1976 & 1989 (2), and copies of original title documents on initial sale, having an odometer reading of 40437.
The car was shipped to Haskell's residence, which is located in California. Upon arrival, Haskell discovered that the car did not have a 1973 tool kit or jack, nor did it include the European headlights and taillights. Plaintiff contacted the broker, Mr. Carbine, and discussed the matter, but was dissatisfied with the results and filed suit on May 1, 1990. Shortly thereafter, on May 14, 1990, defendant tendered to plaintiff the jack and the tool kit; however, said tender was not acknowledged and, therefore, presumably refused.
After trial on the merits, the court rendered judgment in favor of plaintiff, ordering defendant to "produce, transfer, give and deliver" to the plaintiff a 1973 Porsche 911 jack and a 1973 Porsche 911 tool kit and to pay to plaintiff "all costs of court" and attorney's fees of $400.00.

ANALYSIS
Defendant argues that there is no statutory authority to award attorney's fees and, accordingly, the trial court erred when it cast him in judgment for attorney's fees of $400.00. Plaintiff alleges that he is entitled to attorney's fees pursuant to LSA-C.C. art. 2545, cited infra.
A party shall recover attorney's fees only when authorized by statute or stipulated by contract. Keller Industries v. Deauville Consultants, 459 So.2d 636 (La.App. 5 Cir.1984). In this case, there is no provision in the contract which provides for attorney's fees in the event of litigation. Accordingly, if attorney's fees are to be awarded in this case, they must be authorized by statute.
LSA-C.C. art. 2545 provides as follows:
"The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys' fees, is answerable to the buyer in damages."
Appellant alleges that this codal article authorizes an award of attorney fees in redhibition actions; and that, because this action is not one in redhibition, attorney fees are not authorized nor warranted.
*455 Appellee admits that this suit is not in redhibition, but argues that the omission of the jack and tool box is a "vice of the thing" which the seller knew of and failed to disclose. Therefore, he argues, attorney's fees are sanctioned by LSA-C.C. art. 2545.
LSA-C.C. art. 2545 is located in Title VII, "Of Sale," Section 3, "Of the Vices of the Thing Sold," Subsection 3, "Of the Vices of the Thing Sold, Which the Seller has Concealed from the Buyer"; See LSA-C.C. arts. 2520 through 2548.
These codal articles must be interpreted in reference to each other; LSA-C.C. art. 13. Interpreting LSA-C.C. art. 2545 in reference to LSA-C.C. art. 2520[1] makes it evident to us that the "vice of the thing" is something that would give rise to an action in redhibition. We see no such vice here and find that LSA-C.C. art. 2545 does not support an award of attorney's fees in this "breach of contract" case.
We are supported in our finding by the expression of legislative intent found in Act No. 84 of 1968, Sec. 1, of the Louisiana Legislature, which amended LSA-C.C. art. 2545 to provide for attorney's fees. This amendment states:
To amend and re-enact Articles 2545 and 2547 of the Louisiana Civil Code, relative to the liability for damages of vendors in redhibitory actions, to include liability for attorneys' fees.
Because there is no statute authorizing an award of attorney's fees, we find that the trial court erred in granting $400.00 in attorney's fees to the plaintiff.
Defendant also alleges that the trial court erred in assessing all costs against him in light of his tender, made shortly after suit was filed.
Where a defendant makes a tender of the amount due, he should not be cast for interest and costs. Liwerant v. Boston Insurance Co., 198 So.2d 925 (La. App. 4 Cir.1967). However, a tender, to be effective, must include principal, interest and costs incurred to the date of tender. Voigt v. Bankers and Shippers Insurance Company, 124 So.2d 342 (La.App. 3 Cir. 1960); Jones v. Scott, 167 So. 117 (La.App. 2 Cir.1936).
A review of the record reflects that, after the suit was filed, appellant tendered the tool kit and the jack, but did not tender the costs of the suit incurred by plaintiff prior to the date of tender and, therefore, the tender made by appellant was not effective.
Learned counsel for appellant contends that the cases cited by appellee in support of this proposition are from a bygone era when the appropriate law at that time required that in order to collect costs a plaintiff must have made a formal "judicial demand" upon the defendant for the object (or amount) of the suit before he filed suit. Be that as it may, it has long been well settled that the trial judge has almost unlimited discretion in the apportionment of costs to be paid by various parties to the suit. Stevens v. Allstate Ins. Co., 428 So.2d 834 (La.App. 5 Cir.1983). Accordingly, we conclude that the trial court did not err in assessing all court costs against defendant.
Appellant also alleges in his brief that the trial court erred in awarding all costs incurred in the bringing of this suit, apparently including the cost of plaintiff traveling from California. However, a careful reading of the judgment shows that this is an erroneous allegation, as the judgment clearly awards plaintiff "all costs of court" only.
For the above discussed reasons, the judgment of the trial court, ordering defendant to give plaintiff the 1973 Porsche 911S tool kit and 1973 Porsche 911S jack and casting defendant for all costs of court, is affirmed. The judgment awarding plaintiff $400.00 in attorney's fees is annulled and set aside. Each party is to bear his own costs of this appeal.
*456 AFFIRMED IN PART; ANNULLED IN PART AND RENDERED.
NOTES
[1] LSA-C.C. art. 2520 provides:

Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.