DENNIS R. BAGNERIS, SR., Judge.
| ¶ This matter involves an ongoing dispute over attorney’s fees and costs between Mr. Bruce L. Feingerts and his attorney, Mr. James A. Babst, arising out of a workers’ compensation case. For the following reasons, we hereby vacate the Civil District Court’s June 6, 2014 judgment that granted the exception of improper venue, and affirm the Office of Workers’ Compensation Administration’s June 4,2014 judgment.
FACTS
The underlying facts of this case are set forth in this Court’s previous opinion Fein-gerts v. American Casualty Co. of Reading, 13-701, 132 So.3d 994 (La.App. 4 Cir. 12/23/2013), whereby this Court[1] affirmed an October 25, 2012 workers’ compensation judge’s (“WCJ”) decision to award Mr. Feingerts’ workers’ compensation attorneys collectively $10,000.00 in attorney fees’ upon his $50,000.00 settlement, and ordered Mr. Babst to pay Mr. Feingerts $5,000.00 for attorney’s fees plus all costs incurred in connection with his having to file and successfully pursue his petition for nullification of judgment obtained through iraud or ill practices. In accordance with the final October 25, 2012 judgment, | ^counsel for Mr. Feingerts sent two letters to Mr. Babst, dated April 11, 2014 and April 15, 2014, requesting that he immedi- ■ ately pay Mr. Feingerts any funds due to him currently being held in Mr. Babst’s *1133 trust accounts. Thereafter, on April 15, 2014, Mr. Babst filed a petition for concur-sus in the Civil District Court for the Parish of Orleans regarding the dispute of attorney’s fees and costs, and transferred Mr. Feingerts’ settlement funds to the concursus proceeding.
On April 24, 2014, Mr. Feingerts filed a motion to enforce judgment and for sanctions in the Office of Workers’ Compensation Administration (“OWCA”) alleging that it had the exclusive jurisdiction to hear the underlying concursus proceeding. The OWCA granted Mr. Feingerts’ motion to enforce and ordered that Mr. Babst appear and show cause on May 13, 2014 why he should not be sanctioned to pay all fees and costs incurred by Mr. Feingerts. After a hearing, the OWCA issued a judgment on June 4, 2014, stating the following findings:
(1) Attorney James Babst has abused the judicial system with disdain and unfounded frivolous motions.
(2) The filing of the concursus proceeding in the Civil District Court for the Parish of Orleans was a clear and obvious attempt to subvert the rules and orders, and the judgment that have been issued, or caused to be issued, by this Court and the Fourth Circuit.
(3) The Workers’ Compensation Court is the proper and exclusive court for jurisdiction on all issues relating to the Motion for Attorneys’ Fees and Costs originally filed on the OWCA Court (said motion approved, subsequently annulled due to fraud and ill practices, the decisions of the OWCA Court affirmed by the Fourth Circuit, and writs denied by the Supreme Court.)
Based on these findings, the June 4, 2014 judgment ordered, in pertinent part: (1) the settlement funds be transferred from Civil District Court for the Parish of Orleans and placed in the registry of the OWCA; (2) Mr. Babst pay the | ⅞$5,000.00, plus incurred costs, that was previously ordered in the OWCA’s October 25, 2012 judgment, and affirmed by this Court; (3) Mr. Babst to pay $2,096.25 for the costs incurred by Mr. Feingerts in filing the original petition to annul and the motion to enforce the judgment; (4) Mr. Babst to pay $3,894.00 in attorney’s fees and costs for forcing Mr. Feingerts to file an exception to the petition for concursus in Civil District Court; and (5) Mr. Babst to pay the costs for the transcript of the May 13, 2014 hearing.
On June 6, 2014, the Civil District Court granted Mr. Feingerts’ exception for improper venue and dismissed the petition with prejudice at Mr. Babst’s costs. The Civil District Court further ordered the Clerk of Court for the Parish of Orleans to immediately transfer the funds, in the amount of $38,994.40, to the registry of Office of Workers’ Compensation Court to be fully distributed in accordance with an order to be issued by that Court.
In regards to the Civil District Court appeal[2], Mr. Babst argues on appeal that the Civil District Court erred when it (1) sustained the exception of venue, (2) dismissed the concursus with prejudice, (3) declined to exercise its subject matter jurisdiction presented in the concursus, and (4)ordered the transfer of the funds held in the court to the Office of Workers’ Compensation Office.
In regards to the OWCA appeal[3], Mr. Babst argues on appeal that the OWCA erred when it (1) exercised subject matter jurisdiction over this matter, (2) interfered with the jurisdiction of the Civil District Court by ordering that funds Rheld in its registry be transferred to the OWCA, and *1134 (8) imposed sanctions by ordering him to pay fees and costs.
DISCUSSION

Subject Matter Jurisdiction

Mr. Babst argues that the Civil District Court had subject matter jurisdiction over this concursus proceeding and that both the Civil District Court, as well as the OWCA, erred in its determination that OWCA had exclusive jurisdiction. Louisiana Code of Civil Procedure art. 4651 defines a concursus proceeding as “one in which two or more persons having competing or conflicting claims to money, property, or mortgages or privileges on property are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding.”
Jurisdiction is a separate and distinct legal concept from venue. Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based on the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. La. C.C.P. art. 3. It is the duty of the court to examine subject matter jurisdiction sua sponte, even when the issue is not raised by the litigants. Boudreaux v. State, Dept. of Transp. and Development, 01-1329, p. 8 (La.2/26/02), 815 So.2d 7, 13. Venue is not concerned with the power and authority of a court, but with the parish where an action may be brought. La. C.C.P. art. 41.
| ^Pursuant to La. Const, art. V, § 16, original jurisdiction of all civil and criminal matters is vested in district courts, except as otherwise authorized by the constitution or “except as heretofore or hereafter provided by law for administrative agency determinations in [workers’] compensation matters.” Sampson v. Wendy’s Management, Inc., 593 So.2d 336, 337 (La.1992). Further, La. R.S. 23:1310.3(F)[4] provides, in pertinent part:
[T]he workers’ compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers’ compensation insurance coverage disputes, group self-insurance indemnity contract disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers’ compensation insurers or self-insurance group funds for indemnification or contribution, concursus proceedings pursuant to Louisiana Code of Civil Procedure Articles 4651 et seq. concerning entitlement to workers’ compensation benefits, payment for medical treatment, or attorney fees arising out of an injury subject to this Chapter. (Emphasis added)
Pursuant to this provision, the OWCA is granted exclusive jurisdiction over concur-sus proceedings concerning entitlement to attorney’s fees arising out of the workers’ compensation law. In this matter, it is clear from reading the petition for concur-sus that Mr. Babst is seeking legal fees arising out of an underlying workers’ compensation claim. As such, we find that the Civil District Court lacked subject matter *1135 jurisdiction to hear the cause, which should have been brought in the OWCA pursuant to La. R.S. 23:1310.3. Accordingly, the June 6, 2014 judgment of the Civil District Court is rendered void and is vacated, and we pretermit any | (¡discussion of Mr. Babst’s remaining assignments of error regarding jurisdiction of the Civil District Court and the OWCA.

Sanctions

Mr. Babst argues that the sanctions ordered in the OWCA June 4, 2014 judgment were excessive, imposed without a legal foundation, and on an entirely insufficient factual record. Mr. Feingerts argues that the OWCA did not punitively sanction Mr. Babst but rather awarded Mr. Feingerts attorney’s fees and costs for being forced to litigate in order to recover his workers’ compensation settlements proceeds that were placed in Mr. Babst’s trust account in October 2010. Specifically, Mr. Feingerts argues that La. C.C.P. art. 2004(C) gave OWCA the authority to assess further reasonable attorney’s fees and costs against Mr. Babst. We agree.
La. C.C.P. art. 2004 governs the annulment of judgments obtained through fraud and ill practice and states as follows:
A. A final judgment obtained by fraud or ill practices may be annulled.
B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
C. The court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these grounds.
We further recognize that the general rule is for the party cast in judgment to bear all costs, including its own and those of the prevailing party. See Clarkston v. Louisiana Farm Bureau Cas. Ins. Co., 07-0158, p. 40 (La.App. 4 Cir. 7/2/08), 989 So.2d 164, 191, (citing Bowman v. New Orleans Public Service, Inc., 410 So.2d 270, 271 (La.App. 4 Cir.1982)). This rule is subject to the exercise of the trial |7court’s discretion to deviate from it as equity may require. Id., 07-0158, p. 40, 989 So.2d at 191. Here, Mr. Feingerts was required to incur further attorney’s fees and costs because his settlement funds were not disbursed to him, despite a final order finding that Mr. Babst had obtained his fee through fraud and ill practices. Mr. Feingerts was forced to litigate and defend his settlement proceeds by filing a motion to enforce the judgment and for sanctions with the OWCA as well as having to file an exception to the petition for concursus in Civil District Court. At the May 13, 2014 hearing, Mr. Feingerts introduced evidence regarding exactly how much he had spent over the past' five years in attorney’s fees and costs in trying to obtain his settlement funds. After reviewing the record, and the fact that the OWCA found that Mr. Babst had “abused the judicial system with disdain and unfounded frivous motions,” we find that the OWCA was within its great discretion in awarding (1) $2,096.25 for the incurred costs of filing the original petition to annul as well as the filing of the motion to enforce and for sanctions, and (2) $3,894.00 for fees and costs incurred for the filing of the exception to the concursus petition in the Civil District Court for the Parish of Orleans. Accordingly, we hereby affirm the OWCA June 4, 2014 judgment.
CIVIL DISTRICT COURT JUNE 6, 2014 JUDGMENT VACATED; OFFICE OF WORKERS’ COMPENSATION ADMINISTRATION JUNE 4, 2014 JUDGMENT AFFIRMED.

. The Louisiana Supreme Court denied Mr. Babst's writ of certiorari on April 4, 2014.

. 2014-CA-1185

. 2014-CA-1278

. At the time this dispute arose, the portion of this statute - was designated as La. R.S. 23:1310(E); however, the relevant language is exactly the same as in La. R.S. 23:1310.3(F).