570 So.2d 1186 (1990)
FARMERS-MERCHANTS BANK AND TRUST COMPANY, Plaintiff-Appellee,
v.
ST. KATHERINE INSURANCE CO., et al., Defendants-Appellants.
No. 90-600.
Court of Appeal of Louisiana, Third Circuit.
November 16, 1990.
*1187 Gauthier & Cedars, Stanford B. Gauthier II, Breaux Bridge, for plaintiff-appellee, Mover in Motion to Dismiss.
Preisk & Kraft, Andrew H. Meyers, Lafayette, for defendant-appellant St. Katherine.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Vivian L. Madison, New Orleans, for defendant-appellant Voyager.
George McHugh, St. Martinville, Aaron Allen, Lafayette, for plaintiff-appellee.
Before GUIDRY, KNOLL and KING, JJ.

MOTION TO DISMISS
KING, Judge.
Appellee, Farmers-Merchants Bank and Trust Company, seeks to dismiss the appeal of appellants, St. Katherine Insurance Company, Evanston Insurance Company, Sphere Drake Insurance Company, P.L.C., River Thames Insurance Company, Ltd., English and American Insurance Company, and Orion Insurance Company (hereinafter the St. Katherine Group) and appellant, Voyager Property and Casualty Company (hereinafter Voyager). Alternatively, appellee has sought writs from the trial court's order granting appellants an appeal.
Appellee initiated the instant suit against appellants seeking the proceeds from certain insurance policies. These policies provided coverage for a restaurant, including the building and its contents, known as Pat's Waterfront Restaurant. Appellee was a mortgagee of this property. The restaurant was destroyed by fire on October 3, 1987, and this suit was filed by appellee to recover for the loss due to the fire.
The petition filed by appellee, however, was not limited to a prayer for recoupment of the loss from the fire. Appellee also set forth the claim that appellants' failure to pay according to the policy provisions for damages resulting from the fire was arbitrary, capricious, and without probable cause. Thus, appellee has also sought an award of penalties and attorney fees.
Subsequent to the initial filing of this suit, other parties intervened in this matter asserting various claims against appellants for the insurance proceeds as well as for penalties and attorney fees for arbitrary and capricious failure to pay. Following these interventions and within the instant suit, appellants filed a pleading entitled Petition for Concursus Proceeding. Along with the filing of this petition, appellants deposited into the registry of the court the amount appellants contended was due to the claimants in compensation for the property damage resulting from the fire. Appellants specifically denied any liability beyond the deposited amounts.
Appellee then joined with the intervenors in filing a motion for summary judgment. In this joint motion the parties sought summary judgment in the concursus allowing the appellee bank to withdraw the deposited sums from the registry of the court. However, the motion only prayed for a judgment crediting appellants for the amount withdrawn rather than for a judgment relieving appellants of any further liability. Appellants opposed the motion for summary judgment before the trial court for the reason that the motion sought to withdraw the deposited funds without relieving them of further liability.
At the hearing on the motion for summary judgment, the trial court ruled that appellee was entitled to withdraw the funds deposited by appellants. Contrary to appellants' contention, the trial court ruled that appellants were not to be absolved of all possible liability in this matter due to the withdrawal of these funds. Rather, the trial court ordered that the money so withdrawn would be credited against any judgment rendered against appellants on the demands of appellee and the intervenors.
Appellants motioned for and were granted suspensive appeals from the trial court's judgment. In this court appellee has filed a Motion To Dismiss Appeal and an alternative application for supervisory writs. Appellee argues in the writ application that *1188 the trial court erred in signing the order which granted appellants a suspensive appeal. The motion to dismiss, likewise, challenges appellants' right to seek an appeal of the trial court's judgment. Thus, the motion and the writ application basically raise the identical assignments of error and the same arguments regarding these assignments.
In order to address appellee's arguments on the motion to dismiss, the appellate briefs filed by appellants in their appeal must be considered. In their briefs appellants, both the St. Katherine Group and Voyager, contend that the trial court committed error in failing to absolve appellants of all liability when judgment was rendered on appellee's motion for summary judgment. This contention is premised on the argument that the purpose of a concursus proceeding is to avoid vexatious multitudinous litigation. In sum, appellants claim that the trial court erred in failing to render one judgment which disposed of all issues in the suit at the same time rather than rendering piecemeal judgments. Therefore, the appellate briefs pray for this court either to modify the trial court's judgment to include judgment relieving appellants as to all liability in this suit or to reverse the trial court's judgment in its entirety with orders that the trial court render one judgment as to all matters in the suit following the trial of this matter.
The resolution of the issues presented in the instant case necessarily turn on the ascertainment of the precise procedural device, which was employed by appellants in their deposit of the subject funds into the registry of the trial court. The deposit of funds in the instant case was not unconditional since appellants sought to be released of all liability in this matter through this deposit. Thus, the deposit was not an unconditional tender as contemplated by LSA-R.S. 22:658. See, LeBlanc v. Underwriters at Lloyd's, London, 402 So.2d 292 (La.App. 3rd Cir.1981).
Nor can appellants' Petition for Concursus be considered a proper invocation of a concursus proceeding. A properly invoked concursus can only relieve a party of liability to the extent of the money deposited. La.Code Civ.Proc. Art. 4658. Therefore, appellants' request to be relieved of all liability in this action was an improper prayer for relief in a concursus proceeding. Accordingly, since appellants' deposit was neither an unconditional tender nor a proper concursus proceeding, the deposit must be construed as a mere conditional tender. See, Canada v. Myers, 511 So.2d 1223 (La.App. 2nd Cir.1987), writ denied, 514 So.2d 1181 (La.1987).
In Canada v. Myers, supra, an insurer filed a motion in the trial court praying to be allowed to file its policy limits together with interest and costs into the registry of the court. The motion further prayed that the insurer be relieved of any further liability for interest and costs from the date of the deposit forward. After finding that this action by the insurer constituted neither a concursus proceeding nor an unconditional tender and deposit, the court examined the argument that the deposit was an admission of liability for the full policy limits in spite of judgment having been finally rendered by the trial court for less than the full policy limits. The court found that the motion and deposit did not concede liability since the deposit had been made conditional on further orders of the court.
The deposit in the instant case is analogous to the deposit in Canada v. Myers, supra. In both cases the deposits were made conditional on further orders of the trial court with respect to liability. Thus, in the instant case, the trial court could not order the release of the funds conditionally deposited without also relieving appellants of all further liability. Since appellee's and intervenors' motion for summary judgment did not concede that appellants would be liable for no more than the amounts deposited, the motion should have been denied.
The above discussion also disposes of appellee's contention that appellants cannot seek a review of the trial court's judgment due to appellants' confession of liability. As noted above, the conditional deposit was neither an unconditional tender nor a proper concursus proceeding. Thus, there is no confession of liability. Therefore, *1189 appellants have the right to seek a review of the trial court's judgment.
In order for this court to adequately rule on appellee's Motion To Dismiss Appeal, this court has had to rule on the correctness of the trial court's judgment. We conclude that the trial court's order granting summary judgment, is incorrect and must be reversed. However, as a reversal of the trial court's ruling should not be accomplished on a motion to dismiss an appeal, we are rendering a separate opinion today addressing the merits of appellants' appeal.
With respect to appellee's alternative application for supervisory writs, appellee's proper remedy for challenging appellants' right to bring the instant appeal was by filing a Motion To Dismiss Appeal, which action appellee has taken. Therefore, appellee will suffer no injury requiring the invocation of this court's supervisory jurisdiction. Accordingly, we also hereby deny appellee's alternative writ application.
MOTION DENIED.