819 So.2d 1156 (2002)
Wesley DeWayne FORD
v.
STATE of Louisiana DEPARTMENT OF PUBLIC SAFETY.
No. 00-1546.
Court of Appeal of Louisiana, Third Circuit.
June 5, 2002.
*1157 Wesley DeWayne Ford, Jena, LA, for Wesley DeWayne Ford.
Paul Edward Schexnayder, Dept. Public Safety & Corrections, Baton Rouge, LA, for State of Louisiana Department of Public Safety.
Court composed of HENRY L. YELVERTON, ULYSSES GENE THIBODEAUX, and BILLIE COLOMBARO WOODARD, Judges.
YELVERTON, J.
This matter arises out of the suspension of Wesley Ford's driving privileges following a conviction of driving under suspension. Mr. Ford subsequently sought a hardship driver's license, which was unopposed by the Louisiana Department of Public Safety (DPS) except to request restrictions on the license. The trial court granted Mr. Ford the license, granted the restrictions sought by the DPS, and assessed costs to the DPS. The DPS appeals the award of costs.
A trial court is given great discretion in taxing court costs in any manner it deems equitable. La.Code Civ.P. art. 1920. The trial court may assess costs in any equitable manner, and its assessment will not be reversed on appeal in the absence of an abuse of discretion. Trahan v. Asphalt Associates, Inc., 01-311 (La.App. 3 Cir. 10/17/01), 800 So.2d 18. However, jurisprudence has also established that when a prevailing party is taxed with the costs of litigation, it is usually because the party in some way incurred additional costs pointlessly or engaged in other conduct which justified an assessment of costs against that litigant. Henderson v. Louisiana Downs, Inc., 566 So.2d 1059 (La. App. 2 Cir.), writ denied, 569 So.2d 984 (La.1990).
The trial court gave no reason for assessing costs to the DPS. Reviewing this brief record, it is apparent that the DPS had no discretion in taking the action that it took. It was required to suspend Mr. Ford's license due to his own conduct, driving under a suspended license. It was Mr. Ford's conduct that placed on him the necessity of having to seek this hardship license. He filed the lawsuit.
The DPS did not resist his basic demand for a hardship license, asking only that the court put certain restrictions on the hardship license. Because Mr. Ford agreed to the restrictions, no evidence had to be taken regarding them. DPS offered to prepare, and did prepare the judgment for the court's signature, and the court signed the judgment. Mr. Ford sued in proper *1158 person and was not represented in open court, but his petition was artfully drawn. The DPS obtained the restrictions it sought on his driving privileges because they were not opposed by Mr. Ford, so the DPS did not incur needless costs nor did it engage in unjustified conduct in doing what it did. Its actions were basically required by law. There is no equitable argument apparent in the record to support the assessment of court costs to the DPS. We find that the trial court abused its discretion in assessing the DPS with costs.
Accordingly, the judgment of the trial court is reversed as to costs. Otherwise, it is affirmed. Costs at trial and on this appeal are assessed to the Appellee, Mr. Ford.
REVERSED AND RENDERED.