# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-974

TRAVIS J. HAAS

VERSUS

RYAN S. ROMERO, ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 102614-H
HONORABLE LORI A. LANDRY, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, and Billy Howard Ezell, Judges.

**AFFIRMED AS AMENDED.**

Jerry A. Oubre
Caffery, Oubre, Campbell & Garrison
Post Office Drawer 12410
New Iberia, LA 70562-2410
(337) 364-1816
COUNSEL FOR DEFENDANTS/APPELLEES:
    Louisiana Farm Bureau Casualty Insurance Company
    Rodney Leleux

John W. Penny, Jr.
Penny & Hardy
Post Office Box 2187
Lafayette, LA 70502
(337) 231-1955
COUNSEL FOR DEFENDANTS/APPELLEES:
    Allstate Insurance Company
    Ryan S. Romero

**Michael G. Gee**
**Porteus, Hainkel and Johnson**
**211 West Fifth Street**
**Thibodaux, LA   70301-3199**
**(985) 446-8451**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Louisiana Farm Bureau Casualty Insurance Company**

**Matthew D. McConnell**
**Preis & Roy**
**Post Office Drawer 94-C**
**Lafayette, LA   70509**
**(337) 237-6062**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Travis J. Haas**

AMY, Judge.

The plaintiff was injured when the truck in which he was traveling left the road and overturned. He filed suit against the other two occupants of the truck and their insurers. The identity of the truck's driver was at issue when the matter proceeded to trial against one of the occupants and his insurer. A jury concluded that the plaintiff did not prove that the defendant was the driver. The plaintiff appeals. For the following reasons, we affirm. The defendant has answered the appeal and asks this court to cast all costs below against the plaintiff. On this limited basis, we amend the judgment below.

### Factual and Procedural Background

The accident at issue occurred in March 2003, when a Ford F-150 truck carrying Travis Haas, Ryan Romero, and Rodney Leleux left the roadway on Louisiana Highway 14 near Delcambre, rolled over, and came in contact with a parked vehicle. The truck was owned by Mr. Romero and/or his father. Each of the three occupants sustained injury. Mr. Haas's injuries included severe brain injury.

Mr. Haas filed the present suit, naming Mr. Romero and Mr. Leleux as defendants, as well as their insurers. He alleged that, due to the effects of his brain injury, he could not recall the identity of the driver and that further "court-assisted investigation is required to determine which defendant was the driver in the accident." When the matter proceeded to trial, only Mr. Leleux and his insurer, Louisiana Farm Bureau Casualty Insurance Company, remained as defendants.

A jury found that, "more likely than not," Mr. Leleux was not the driver of the truck at the time of the accident. The trial court's judgment dismissed the plaintiff's claim in light of the jury's verdict and ordered that each party pay its own costs incurred in the proceedings and that each share equally in the court reporter costs.

The plaintiff's Motion for Annulment of Judgment or Alternative, for New Trial and/or JNOV was denied by the trial court.

The plaintiff appeals, first asserting that a number of legal errors warrant a de novo review. He also contends that the jury's determination that Mr. Leleux was not driving the truck at the time of the accident was manifestly erroneous, again requiring de novo review.

Mr. Leleux and Farm Bureau have answered the appeal and argue that the judgment should be modified so as to assess all court costs with the plaintiff.

**Discussion**

*Statement Given to State Trooper*

At trial, Mr. Leleux testified that he had no recollection of the accident or being in the Romero truck on the day of the accident. He denied knowing whether he was the driver. In light of his testimony, the plaintiff contends that the trial court erred in permitting the investigating State Trooper, Master Trooper Jerry Overfelt, to testify as to Mr. Leleux's purported statement at the scene indicating that he was the front-right seat passenger. As in his motion in limine, the plaintiff contends on appeal that Trooper Overfelt's statement constituted inadmissible hearsay. The trial court found the statement admissible as an excited utterance, explaining that the jury could assess the weight to be afforded any such statement in light of Mr. Leleux's other statements regarding his location in the vehicle.

Louisiana Code of Evidence Article 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay is not admissible unless provided for by the Louisiana Code of Evidence or other

2

legislation. La.Code Evid. art. 802. Among the exceptions to the hearsay rule is that of an excited utterance, defined as "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." La.Code Evid. art. 803(2).

Jurisprudence has identified time as the most important factor in determining whether a statement was made under the stress of a startling event. *See State v. Jasper*, 28,187 (La.App. 2 Cir. 6/26/96), 677 So.2d 553, *writ denied*, 96-1897 (La. 2/21/97), 688 So.2d 521. "Other factors include whether the statement is self-serving or in response to an inquiry, whether the statement is expanded beyond a description of events to include past or future facts, and whether the declarant performed tasks requiring reflective thought between the event and the statement." *Id.* at 563.

The record reveals no error in the trial court's ruling as to Mr. Leleux's statement to Trooper Overfelt. Although the Trooper did not arrive at the scene until approximately twenty minutes after the accident, the facts support a determination that Mr. Leleux was under the stress of excitement caused by the event. Records from ambulance personnel indicate that Mr. Leleux was disoriented at the scene. Emergency room records indicate a loss of consciousness at the scene, a collapsed lung, a fractured spleen, as well as fractures to his clavicle and right forearm. They also report he had an elevated alcohol level. It is reasonable to find that these conditions rendered the time period between the accident and the statement to Trooper Overfelt sufficiently limited so as prohibit reflective thought.[1] Accordingly,

---

[1] *See State v. Beason,* 26,725 (La.App. 2 Cir. 4/7/95), 653 So.2d 1274, *writ denied*, 95-1338 (La. 10/27/95), 661 So.2d 1359 (wherein a statement made twenty-five to thirty minutes after an automobile accident was found to be an excited utterance given the declarant's injuries and lack of indication that he performed tasks requiring reflective thought during that time). *But see State v. Richardson*, 97-1995 (La.App. 4 Cir. 3/3/99), 729 So.2d 114, 122-23, *writ denied*, 99-1087 (La. 9/24/99), 747 So.2d 1119 (wherein a statement to a police officer approximately ten minutes after the speaker was physically assaulted was determined not to be an excited utterance as the declarant

3

the trial court did not err in permitting the introduction of the statement of Trooper Overfelt.

*Trooper Overfelt's Conclusions*

The plaintiff next objects to Trooper Overfelt's testimony indicating that evidence at the scene was consistent with Mr. Leleux's statement to him that he was in the right front seat of the truck at the time of the accident. The plaintiff asserts that it was prejudicial error to permit a non-expert to offer such a conclusion. He asserts that the conclusion was particularly unreliable given Trooper Overfelt's inability to recall particular evidence supporting his determination.

Louisiana Code of Evidence Article 701 permits lay witnesses to offer testimony in the form of opinions or inferences if such testimony is 1) rationally based on the perception of the witness and is 2) helpful to a clear understanding of his or her testimony or the determination of a fact in issue. A trial court is afforded broad discretion in permitting testimony of a lay witness in accordance with Article 701. *Eldridge v. Carrier*, 04-203 (La.App. 3 Cir. 11/17/04), 888 So.2d 365, *writ denied*, 04-3174 (La. 3/11/05), 896 So.2d 66; La.Code Evid. art. 701, comment b. In ruling on this issue, the trial court remarked that, although Trooper Overfelt was not tendered as an expert, the jury would be able to assess the weight of his investigative conclusions given his field experience. We find no abuse of discretion in this determination.

Trooper Overfelt explained that, although not a certified accident reconstructionist, he had investigated thousands of vehicle accidents during his twenty-five years of experience as a State Trooper. He testified as to his arrival at the

---

had "minutes in which to calm down a little.")

4

scene, reviewed the details of his crash report, and explained that he identified the point at which the Romero truck impacted a parked vehicle before coming to rest. When asked why he had identified Mr. Leleux as the right front passenger in the report, he denied that it was based on Mr. Leleux's statement alone, stating that he believed it was based on evidence at the scene, including "[w]here the impact occurred, the way it occurred, when it struck the Vehicle Number 2." He admitted that he did not "recall exactly what it was." He further explained that he never determined which of the three men was the driver of the vehicle.

The record supports the conclusion that Trooper Overfelt's conclusions were based on his rational perception of the scene as is required by Article 701. Any weight afforded to the statement was within the province of the jury. The jury could have assessed Trooper Overfelt's report in light of his years of experience, his view that the accident scene generally supported Mr. Leleux's statement as to his location in the truck, and his ultimate inability to identify the truck's driver.

*Jury Charge*

The plaintiff asserts that the trial court's failure to include his preferred jury instruction as to circumstantial and direct evidence resulted in legal error. He contends that failure to include these definitions in the closing instructions left the jury without guidance in evaluating Mr. Leleux's claim in closing argument that he had superior direct evidence.

Louisiana Code of Civil Procedure Article 1792(B) provides that "[a]fter the trial of the case and the presentation of all evidence and arguments, the court shall instruct the jurors on the law applicable to the cause submitted to them." While the trial court must correctly advise the jury of applicable law, it is not required to use the

5

specific wording preferred by the parties. *Scott v. Dauterive Hosp. Corp.*, 02-1364 (La.App. 3 Cir. 4/23/03), 851 So.2d 1152, *writ denied*, 03-2005 (La. 10/31/03), 857 So.2d 487. A trial court has broad discretion in formulating its jury instructions. *Nicholas v. Allstate Ins. Co.*, 99-2522 (La. 8/31/00), 765 So.2d 1017. On appeal, great restraint is exercised before a jury verdict is reversed due to an erroneous instruction. *Id.*

Reviewing the jury instructions as a whole, we find no abuse of discretion in the trial court's choice of instructions. Rather, the instructions fairly and reasonably explained the plaintiff's burden of proof, the jurors' responsibility to evaluate the credibility of and weigh aspects of the evidence, and considerations relevant to witness testimony. Although the instructions did not include the additional, preferred instruction regarding direct and circumstantial evidence, the instructions provided "law applicable to the cause submitted" as is required by Article 1792.

*Unavailability of Trooper Overfelt*

Due to a purported inability to contact Trooper Overfelt prior to trial, the defendants introduced his deposition. In the plaintiff's post-trial motion for annulment of judgment, new trial, and/or JNOV, he asserted that, contrary to the defendants' assertions, the court-appointed process server was able to serve Trooper Overfelt with a subpoena on the first day of trial. Despite this service, the plaintiff claimed he did not become aware of that fact until after the deposition was read to the jury. He argues that he was, therefore, unable to assert that the witness was available. The trial court denied the plaintiff's motion insofar as it prayed for a new trial and/or JNOV and granted the defendants' exception of unauthorized use of summary

6

proceedings with regard to annulment of the judgment. On appeal, the plaintiff reurges his argument regarding the unavailability of Trooper Overfelt.

Having reviewed the parties' post-trial filings, we find no error in the denial of either the motion for new trial and/or JNOV. Louisiana Code of Civil Procedure Article 1450(A) provides, in part:

> A. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the Louisiana Code of Evidence applied as though the witnesses were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:
>
> . . . .
>
> (3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:
>
> (a) That the witness is unavailable[.]

Article 804(A) of the Louisiana Code of Evidence indicates that a witness is unavailable when he or she "cannot or will not appear in court and testify to the substance of his statement made outside of court." This includes situations in which the witness "[i]s absent from the hearing and the proponent of his statement has been unable to procure his attendance by process or other reasonable means." La.Code Evid. art. 804(A)(5). It does not however, include a witness "if his exemption, refusal, claim of lack of memory, inability, or absence is due to the procurement or wrong-doing of the proponent of his statement for the purpose of preventing the witness from attending or testifying." *Id.*

In support of his motions, the plaintiff presented an affidavit of the process server indicating that he served the subpoena on Trooper Overfelt on the afternoon of August 8, 2006, the first day of trial, and that he immediately notified his

7

principals. He also explained that the witness "attempted to avoid service, which resulted in delay." The subpoena, which was also submitted, notified the witness that he was being summoned to court on August 7th, the day *prior* to the date of service. Trooper Overfelt's deposition was read into the record on August 10th. The defendants responded to the plaintiff's motion with evidence indicating numerous attempts to notify and/or subpoena Trooper Overfelt. The defendants also had the process server appointed by the court. This evidence was presented to the trial court at the time of the post-trial ruling. Given the evident difficulty in procuring Trooper Overfelt's presence and the trial court's awareness that he did not present himself at trial, it was not required to find that a new trial was required.

This assignment lacks merit.

*Merits*

Finally, the plaintiff contends that the determination that Mr. Leleux was not the driver of the truck at the time of the accident was manifestly erroneous, requiring a reversal of verdict. He points to witnesses who testified that they saw Mr. Leleux driving the Romero truck several hours before the accident and that testimony also supported a view that Mr. Leleux regularly drove the truck. The plaintiff further suggests that the evidence demonstrated that Mr. Leleux had the lowest amount of alcohol in his system upon testing. His brief suggests "[i]n short, Leleux was more likely the driver."

As pointed out in the plaintiff's brief, certain evidence may have permitted the jury to identify Mr. Leleux as the driver. However, the evidence was not of a nature so as to require the jury to find that he was more probably than not the driver. Rather, the jury heard that the three men could recall very little, if anything, about the events,

8

none could definitively state which occupant was the driver, and no witness identified the driver at the time of the event. Simply, and in addition to any assessments of witness credibility, the jury could have concluded that the vague accounting of the accident did not permit a determination that Mr. Leleux was the driver of the vehicle. Its determination is not manifestly erroneous.

*Answer*

In their answer to the appeal, the defendants point out that the jury returned a verdict in their favor and that plaintiff's claims were dismissed. However, the trial court ordered that the parties pay their own costs associated with the proceeding and assessed each with an equal share of the court reporter costs.

Louisiana Code of Civil Procedure Article 1920 provides that "[e]xcept as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable." A trial court's assessment of costs will not be disturbed absent an abuse of discretion. *Ford v. State Dept. of Public Safety*, 00-1546 (La.App. 3 Cir. 6/5/02), 819 So.2d 1156. "However, jurisprudence has also established that when a prevailing party is taxed with the costs of litigation, it is usually because the party in some way incurred additional costs pointlessly or engaged in other conduct which justified an assessment of costs against that litigant." *Id.* at 1157 (citing *Henderson v. Louisiana Downs, Inc.*, 566 So.2d 1059 (La.App. 2 Cir.), *writ denied*, 569 So.2d 984 (La.1990)).

The plaintiff did not prevail on his claim against the defendants. Nor does the record demonstrate that the defendants caused additional costs to be incurred. The record does not contain any indication on what the assessment of costs to the defendants was based. Thus, we find that the apportionment of any costs to the

9

defendants is not supported by the record. We amend the judgment to reflect assessment of all costs to the plaintiff.

## DECREE

For the foregoing reasons, the trial court's judgment in favor of the defendants is affirmed. However, its assessment of costs below is amended to reflect that all costs of the proceeding below are assessed to the plaintiff, Travis Haas. Furthermore, all costs of this appeal are assigned to Mr. Haas.

**AFFIRMED AS AMENDED.**