McDonald, j.
[^Plaintiffs in a suit for damages arising out of an automobile accident appeal a judgment finding that defendant, Safeway Insurance Company, is not responsible for any costs incurred by the plaintiff. For the following reasons, we reverse in part, affirm in part, amend and render.
FACTS AND PROCEDURAL BACKGROUND
This matter arises out of an automobile accident in Clinton, Louisiana, in May 2003. Aurcha McKneely was operating a Jeep Cherokee, owned by Cassandra Jones and insured by Safeway Insurance Company, that collided with a Dodge Durango owned and operated by Billie J. Klein and insured by Louisiana Farm Bureau Mutual Insurance Company. Ms. Jones’ two minor daughters, who were guest passengers in the car at the time of the collision, were injured, as was Ms. Klein. In December 2003, Ms. Jones filed a petition for damages in the Nineteenth Judicial District Court alleging severe physical injuries to both daughters, damages for loss of consortium and earnings, and extensive property damage.
On February 20, 2004, Safeway filed a petition for concursus in the suit, naming as defendants Cassandra Jones, individually and on behalf of her minor daughters, and Billie J, Klein. Safeway represented that in May 2003, an automobile liability policy with limits of twenty thousand dollars ($10,000 per person/$20,000 per accident) issued to Cassandra Jones to cover a Jeep Cherokee was in full force and effect; that Aurcha McKneely was operating the Cherokee and collided with a vehicle operated by Billie J. Klein; that Ashley and Brittany Green were guest passengers in the automobile at the time of the accident, sustained injuries and are entitled to recover for their injuries caused by the acci *321 dent; that the seriousness of the damages sustained by Cassandra Jones, Individually and on behalf of Ashley Green and Brittany Green, and by Billie Klein were such that the amount of an award would obviously exceed its policy limits; that Safeway admits liability for the full amount of the insurance coverage available, but not liability of the policy’s insured; and that it is defendants’ responsibility to determine the amount of recovery to be provided to each of the defendants. In conjunction with the petition, Safeway deposited into the registry of the court $20,177.11, representing the limits of the aforesaid policy plus interest from the date of the filing of Cassandra Jones’ petition through February 23, 2004 and asserted that it should be relieved and discharged of all further liability to any and all defendants for injury sustained in the accident. Service was requested on all defendants and Safeway prayed that all costs be paid out of the amount deposited in preference to any payment to any defendant. An order was issued by the trial court on March 1, 2004, directing the clerk of court to accept Safeway’s deposit of $20,177.11.
Following a motion to change venue filed by Louisiana Farm Bureau, the matter was transferred to East Feliciana Parish pursuant to a consent judgment signed on July 15, 2004. In addition to ordering the transfer of the docketed matters, the judgment ordered the clerk of court to transfer $20,000.00[1], deposited by Safeway by petition for concursus, to the Clerk of Court for the 20th Judicial District Court.
The suit for damages filed by Cassandra Jones was tried by a jury on July 6 and July 7, 2006. Prior to the start of the trial, all parties stipulated that the damages sustained by Ashley Green were $100,000.00 and the damages sustained by Brittany Green were $125,000.00; the parties further stipulated that regardless of the percentages of fault attributed to the defendants, the maximum liability of |4Aurcha McNeely and Safeway Insurance shall be limited to the Safeway Insurance Company policy limits of $10,000.00 per person and $20,000.00 per accident. The jury found Aurcha McNeely and Safeway Insurance Company 100% at fault for the May 2003 accident. Judgment was signed on July 25, 2006, in favor of Cassandra Jones, individually and on behalf of her minor daughters, Brittany Green and Ashley Green, and against Aurcha McNeely and Safeway Insurance Company of Louisiana in the amount of $10,000.00 each, plus judicial interest from the date of judicial demand until February 20, 2004. The judgment further provided that court costs were to be determined at a separate hearing.
A rule to tax costs was filed by plaintiffs, listing expenses of $8,098.98 in court costs, $1,475.71 in deposition costs and $7,978.30 in expert witness fees. Following a hearing on the rule on January 3, 2007, the trial court took the matter under advisement. Written reasons were issued July 13, 2007. The court found that Safeway had invoked a concursus by filing a petition for concursus, depositing its policy limits plus legal interest into the registry of the court and admitting liability for the full amount of the deposit. Relying on La. C.C.P. art. 4659, which governs concursus proceedings, and jurisprudence, the court found that it had no authority to cast Safeway for additional costs. Judgment was signed July 30, 2007, ordering that the plaintiffs rule to tax costs against Safeway was denied and Safeway was not responsi *322 ble for any court costs incurred by plaintiff that were the subject of the rule to tax costs filed on behalf of plaintiff.
Plaintiffs appealed raising two issues for review: (1) that the trial court abused its discretion in assessing no court costs against the defendant found by the jury to be 100% liable for plaintiffs’ damages and (2) the trial court erred in holding that the defendants invoked a valid concursus that prevented the assessment of court costs following trial.
1„LAW AND ANALYSIS
The rule to tax costs was filed by plaintiffs pursuant to La. C.C.P. arts 2088 and 1920. Article 2008 provides for divesting of jurisdiction of a trial court once a matter has been appealed, and states that the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to set and tax costs and expert witness fees. La. C.C.P. art. 2088(10). Louisiana Code of Civil Procedure article 1920 provides: “Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause. Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may deem equitable.”
Plaintiffs argue strenuously that it is not equitable for these seriously injured plaintiffs to receive only $20,000.00, and out of that amount be required to pay a Medicaid lien and also be responsible for court costs in the amount of $18,714.87. A court may render judgment for costs as it deems equitable only if there is no law otherwise dictating how costs are to be determined. The trial court here found that the law, specifically La. C.C.P. art. 4659, prohibited it from ordering Safeway to pay costs. Therefore, it is necessary to examine plaintiffs’ second argument, that a concursus proceeding was not properly invoked to determine if article 4659 is applicable.
Concursus proceedings are governed by Louisiana Code of Civil Procedure articles 4651 through 4662. The articles repealed provisions on concursus formerly found in La. R.S. 13:4811 to 4816.[2] The introduction to Title X, Concursus Proceedings provides:
The articles in this Title: (1) codify those jurisprudential rules on concursus procedure which have been found to be useful and workable; (2) broaden the base of the procedural remedy by borrowing some of the broad and flexible principles of federal | (interpleader; (3) provide workable substitutes for two of the prior rules which experience has proven to be unworkable; and (4) provide, so far as practicable, a single set of rules to govern concursus procedure regardless of the use to which it may be put.
Significant to the matter before us, is that the law and jurisprudential rules governing the costs were not changed by the 1960 act.
Article 4651 defines a concursus proceeding as “one in which two or more persons having competing or conflicting claims to money, property, or mortgages or privileges on property are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding.” Clearly, the competing claims of the Joneses and Billie Klein alleged in the petition for concursus filed by Safeway satisfy the statutory requirement of a matter for which concursus is a proper procedural device.
*323 Plaintiffs assert, however, that although Safeway attempted to invoke a coneursus in this matter, it did not follow all of the legal requirements and therefore a valid coneursus was never invoked. Citing various cases,[3] plaintiffs maintain that Safeway’s attempt at coneursus failed because (1) the petition prayed for relief from all further liability and (2) the funds deposited into the registry of the court covered principal and interest only but not costs, and for “tender” to be effective it must include principal, interest and court costs incurred as of the date of the tender.
As the introduction to the coneursus articles points out, coneursus may be invoked in several different legal contexts. The earliest use of coneursus procedure in Louisiana was in the administration of insolvent estates. The National Bankruptcy Act of 1898 restricted the availability of state insolvency laws; however, coneursus as a procedural device had been recognized and 17jurisprudentially extended into other areas of the law. Lauterbach v. Seikmann, 125 La. 839, 51 So. 1008 (1910); Dunlap v. Whitmer, 137 La. 792, 69 So. 189 (1914); New York Life Insurance Company v. Dorsett, 152 La. 67, 92 So. 737 (1922); Seal v. Gano, 160 La. 636, 107 So. 473 (1926). Additionally, the legislature extended its use by making it available in cases involving construction contracts for the numerous claims of the owner, contractor, laborers and materialmen against each other. The point of this historical regression is that the cases relied on by plaintiffs are all distinguishable because they involve differing factual and legal situations.
Specifically, for example, the lack of “unconditional tender,” asserted to be fatal to maintenance of a coneursus, is required only in the context of competing claims between a debtor and creditor. That is not the issue here. Here we have a debt- or, Safeway Insurance Company, which has a sum certain of money that is owed to multiple creditors. Similarly, Safeway’s prayer to be relieved of all further liability, while problematic for an insurance company in some cases, is proper here because Safeway admitted liability to the full extent of its legal obligation.
The Louisiana Supreme Court has held that a liability insurer is not entitled to be discharged from its obligation to tort victims by filing a coneursus proceeding and admitting liability until the insurer deposits into the registry of the court both the full amount of insurance coverage and legal interest from date of demand until date of deposit. Brumfield v. State Farm Insurance Company, 590 So.2d 575 (La.1991). Safeway satisfied that requirement. We find that the petition for coneursus filed by Safeway in this matter properly invoked and established a coneursus proceeding.
Louisiana Code of Civil Procedure article 4659, Costs, provides in pertinent part:
IsWhen money has been deposited into the registry of the court by the plaintiff, neither he nor any party shall be required to pay any of the costs of the proceeding as they accrue, but these shall be deducted from the money on deposit. The court may award the successful claimant judgment for the costs of the proceeding which have been deducted from the money on deposit, or any portion thereof against any other claimant who contested his right thereto, *324 as in its judgment may be considered equitable.
American Deposit Insurance Company v. Walker, 450 So.2d 33 (La.App. 3rd Cir. 1984), provides an excellent analysis of the issue of court costs in a concursus proceeding, holding that a plaintiff (insurance company) that deposited the claimed funds into the registry of the court, with leave of court, at the time the concursus proceeding was invoked could not be taxed with the costs. In Jackson National Life Insurance Company v. Kennedy-Fagan[4] this court observed in a footnote, “As the original demand is a concursus action, there is not even a residual issue as to the award of court costs; under the law, they are required to be deducted from the funds on deposit, unless the court in its discretion awards the successful claimant the costs so deducted against the unsuccessful claimant.” In the matter before us, the court did not have authority to exercise discretion with regard to any costs incurred after the filing of the con-cursus, February 2004, because there was not a “successful claimant” to the “money on deposit” or more importantly, “any other claimant who contested his right” to the money. And therein lies the rub. The plaintiffs, appellants here, were the only claimants to the money deposited by Safeway.
In July 2006, the only claimants to the $20,000.00 on deposit with the court of the 20th Judicial District were Cassandra Jones on behalf of her two minor daughters. A jury trial was not available to resolve competing claims to the $20,000.00. In fact, it was not strictly necessary to have a trial at all to determine | ¡¡the entitlement of each party to their respective share of that fund. The parties had stipulated to damages for each minor child often times the amount of the funds available, and could have stipulated as to how the funds would be distributed. The purpose of the jury trial was to establish the respective liability of the drivers of the automobiles involved in the accident that injured the Joneses. Had Billie Klein been found to have a percentage of fault, then Louisiana Farm Bureau, in accordance with the terms of the automobile liability policy issued to Ms. Klein, would have owed that percentage of the damages. Unfortunately for the Joneses, Ms. Klein was not found to be at fault. Even had she been a claimant for a portion of the funds deposited, “contesting” the Joneses’ right to the money, the trial court could not asses any portion of the court costs to them[5].
Plaintiff asserts that it is unfair to require the prevailing party to pay all court costs, noting that “neither Billie Klein, nor *325 Medicaid, nor Blue Cross, the other potential claimants mentioned in the concursus petition ever filed an answer to the concur-sus and therefore it cannot be argued that the suit was litigated as a true concursus proceeding.” With the concluding statement we wholly agree. This matter was not litigated as a concursus proceeding. Jury trials are not available in concursus proceedings of this nature. La. C.C.P. art. 1732(2).
We have carefully reviewed the record in this matter, that portion designated by appellant in accordance with La. C.C.P. art. 2128, as well as, the entirety of the record from the Nineteenth Judicial District Court ordered by this court. We do |innot have a transcript of the My 2006 jury trial wherein Mr. McNeely was found to be 100% at fault for the accident in which the Joneses were injured and to which the judgment on appeal purportedly conformed. However, we do not think that record is necessary to reach a decision in this appeal.
The party found to be at fault was Aurcha McKneely. As previously noted, Ms. Jones had already stipulated that regardless of the percentages of fault attributed to the defendants, the maximum liability of Aurcha McNeely and Safeway Insurance would be limited to the Safeway Insurance Company policy limits of $10,000.00 per person and $20,000.00 per accident. We recognize that there are circumstances when an automobile liability insurer will be liable for court costs, resulting in liability in excess of its policy limits. Generally, this happens when the policy at issue provides for payment of costs or for indemnification of the insured. See Wright v. Romano, 279 So.2d 735 (La.App. 1st Cir.1973), writ denied, 281 So.2d 757, 758 (La.1973). See also Canal Insurance Company v. Wascom, 148 So.2d 89 (La.App. 1st Cir.1962), noting the continuing obligation of an insurer to pay costs and to furnish a defense in litigation to any insured arising out of a covered accident according to the terms of its policy. We do not have a copy of the policy at issue in evidence. Therefore, we have no way of determining what the contractual obligation of the insurance company was with regard to costs. However, while the trial court was correct in concluding that it could not assess any costs after February 2004 to Safeway, the record indicates that costs were incurred before that date. The amount of $510.00 was paid to the clerk of court on December 19, 2003. While it is an insignificant amount compared to the totality of costs incurred by the plaintiff, it is a cost that would be left to the court’s discretion pursuant to La. C.C.P. art. 1920. Remanding to the trial court would be inefficient and time consuming. Instead, we will amend the judgment to h, provide that costs in the amount of $510.00 are assessed to Safeway Insurance Company of Louisiana.
Further, because the trial was not necessary to determine the proper disbursement of the funds deposited in the registry of the court, and in fact, was not a proceeding properly within the strictures of the concursus articles, we find that the provisions of article 4659 requiring costs to be deducted from those funds is not applicable. The judgment appealed does not address the issue of the deposited funds, but only orders that Safeway Insurance Company of Louisiana is not responsible for any “court costs incurred by plaintiff which were the subject of the rule to tax court costs.” These costs were court costs, depositions, and expert fees in conjunction with the trial, which we have established was not a concursus proceeding.
The trial court judgment provided that the court “declines to tax the court costs incurred by plaintiffs against Safeway In *326 surance Company of Louisiana” and ordered that Safeway is not responsible for any court costs. Although this is correct for the vast majority of the costs before the court, we have amended the judgment, and this portion of the judgment must be reversed. The judgment will be amended to provide that Safeway Insurance Company of Louisiana is assessed costs in the amount of $510.00, in all other respects the judgment is affirmed.
For the foregoing reasons, the judgment is reversed in part, amended in part and rendered. Costs of this appeal are assessed to Cassandra M. Jones.
REVERSED IN PART, AFFIRMED IN PART, AMENDED AND RENDERED.
McClendon, j., concurs.

. The record is insufficient for us to determine why the interest was not ordered to be transferred or whether or not those funds were disbursed. Safeway has not appealed the judgment's order that it is liable for the interest that it had deposited.

. Acts 1960, No. 32 § 2, effective January 1, 1961.

. Louisiana Molasses Company v. The Le Sassier, 28 So. 217 (La.1900); Haskell v. Hawkins, 580 So.2d 453 (La.App. 5th Cir. 1991); Farmers-Merchants Bank and Trust Company v. St. Katherine Insurance Company, 570 So.2d 1186 (La.App. 3rd Cir.1990); LaGraize v. Bickham, 391 So.2d 1185 (La.App. 4th Cir.1980); Harris v. Great American Indemnity Company, 142 So.2d 594 (La.App. 3rd Cir.1962).

. Jackson National Life Insurance Company v. Kennedy-Pagan, 03-0054 (La.App. 1st Cir.2/6/04), 873 So.2d 44 at 48 n. 3, writ denied, (La.4/23/04), 870 So.2d 307.

. A trial court is given great discretion in taxing court costs in any manner it deems equitable and its assessment will not be reversed on appeal in the absence of an abuse of discretion. La. C.C.P. art. 1920; Ford v. State Dept of Public Safety, 00-1546 (La.App. 2nd Cir.6/5/02), 819 So.2d 1156. However, jurisprudence has also established that when a prevailing party is taxed with the costs of litigation, it is usually because the party in some way incurred additional costs pointlessly or engaged in other conduct which justified an assessment of costs against that litigant. Id. Further, article 1920 does not mean that there are no guidelines to govern the taxing of costs, in the absence of some reason in equity or otherwise to control, costs generally follow the final judgment in favor of the prevailing party. Johnson v. Marshall, 202 So.2d 465 (La.App. 1st Cir.1967). In Johnson, this court reversed the trial court’s assessment of costs to defendants, finding that they were not negligent and there was no showing that the trial was prolonged or the costs increased by any action by them.