# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 21-47

SUSAN JOHNSON

VERSUS

PROGRESSIVE SECURITY INSURANCE

CO., ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C901150 A
HONORABLE DESIREE DYESS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## SHANNON J. GREMILLION
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Chief Judge, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**AFFIRMED AS AMENDED.**

**Thomas Taylor Townsend**
**Attorney at Law**
**P. O. Box 784**
**Natchitoches, LA 71458-0784**
**(318) 238-3612**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Susan Johnson**

**George Marion Snellings, IV**
**Nelson, Zentner, Sartor & Snellings**
**P. O. Box 14420**
**Monroe, LA 71207-4420**
**(318) 388-4454**
**COUNSEL FOR DEFENDANTS/APPELLEES/ CROSS-APPELLANTS:**
    **Progressive Security Insurance Company**
    **Melissa Collier**

**GREMILLION, Judge.**

Susan Johnson, the plaintiff/appellant, appeals the judgment of the trial court that found her 100% at fault in the collision that gave rise to her demands. For the reasons that follow, we affirm as amended.

## FACTS AND PROCEDURAL POSTURE

Susan Johnson is a long-time officer with the Natchitoches Police Department. On the night of April 8, 2017, she responded to an incident in which a victim had been beaten or shot at a residence on Fairground Road in Natchitoches. When Officer Johnson arrived, she learned that the victim had been taken to the hospital. She then proceeded toward the hospital in her assigned patrol cruiser. As her patrol car entered the intersection of Keyser Avenue, the street on which she was proceeding east, and Williams Avenue, Officer Johnson's patrol car and a Jeep driven by Mrs. Melissa Collier, which was proceeding north on Williams, collided. In addition to these facts, the only other fact over which there is no dispute is that Mrs. Collier had a green traffic signal.

Officer Johnson filed suit against Mrs. Collier and her liability insurer, Progressive Security Insurance Company for injuries she sustained in the collision. Mrs. Collier sued the City of Natchitoches individually and on behalf of her minor son, who was in the Jeep, for injuries they sustained. Prior to trial, Mrs. Collier and the city settled her claim.

The matter was tried before the bench on February 14, 2020. In her case in chief, Officer Johnson called Mrs. Collier, Mr. Marshall Lyles, Ms. Christine Stackhouse, and testified on her own behalf.

Mrs. Collier testified that on the night of April 8, 2017, she was driving north on Williams Avenue. As she approached the intersection of Williams and Keyser,

she observed that she had a green light. She observed one or two vehicles on Williams stopped on her left at the red light. She did not see any emergency vehicle lights. She entered the intersection still controlled by a green light. The collision occurred.

That day. Mrs. Collier, her husband, son, and some friends had been boating on Cane River. She admitted to having consumed two glasses of wine and a Bloody Mary during the course of the day.

Officer Johnson testified that after she left the Fairground Road scene, she received a call on her cell phone from Officer Christine Stackhouse. Officer Stackhouse was off-duty, working a private-security detail. She called Officer Johnson to advise her that a member of the victim's family had told her that the victim's brother had caused his injuries and was at the hospital with the victim.

While she was not certain at what point she activated her emergency lights, Officer Johnson was certain that they were activated before she entered the Williams-Keyser intersection. Officer Johnson did go around two vehicles that were stopped at the red light controlling traffic on Keyser. At no time did Officer Johnson activate her siren, which she admitted represented a violation of Natchitoches Police Department policy.

Officer Johnson could not recall whether she was still talking with Officer Stackhouse when the collision occurred. Records subpoenaed from her mobile carrier, Verizon, showed that this call lasted from 11:00 to 11:07 p.m. Dispatcher recordings introduced into evidence show that Officer Johnson radioed to inform the department of the collision at 11:06 p.m.

After the accident, Officer Johnson did nothing to ensure that an officer responded to the fact that the Fairground Road victim's attacker was at the hospital.

2

Nonetheless, she maintained her belief that she was responding to an emergency when the collision occurred.

Mr. Lyles is a former State Trooper who qualified to testify as an accident reconstruction expert. He recovered the Restraint Control Module ("black box") from Officer Johnson's police cruiser. This module does not record whether the cruiser's emergency lights had been activated prior to the collision. The black box does record a number of data points prior to the collision, such as speed. The black box recorded that Officer Johnson's vehicle slowed to six miles per hour 2.5 second before impact, then sped up to 21 miles per hour within the two seconds before impact. Mr. Lyles opined that Mrs. Collier had sufficient time to stop before the collision.

Christine Stackhouse testified that she was working private-security detail at the J.W. Thomas Apartments in Natchitoches on the night of April 8, 2017. She heard of the incident on Fairground Road over her radio. Later, the victim's aunt called Officer Stackhouse from Texas to advise her that the victim and his brother had long-running problems and that the brother had caused the victim's injuries and might be at the hospital. Officer Stackhouse then called Officer Johnson to relate this information. Officer Stackhouse could not recall whether she was still on the phone with Officer Johnson when the collision occurred.

At the conclusion of Officer Stackhouse's testimony, Officer Johnson rested her case. Mrs. Collier took the stand again in her defense. Other than elaborating on the events of the day while boating, nothing new was elicited from Mrs. Collier besides her belief that she was not intoxicated and the fact that she did not see any emergency lights prior to the collision.

The exhibits introduced consist of medical records reflecting the treatment Officer Johnson received for her injuries; the data Mr. Lyles retrieved from Officer Johnson's vehicle's black box; an estimate of the damage to the cruiser; Mr. Lyles' curriculum vitae; Mrs. Collier's policy of insurance from Progressive; two printouts from Google Maps of the intersection; one photograph of the intersection; several photographs of Mrs. Collier's Jeep; Officer Johnson's cell phone records from Verizon; an excerpt from the Natchitoches Police Department's policies and procedures manual regarding the use of emergency lights; a hand-drawn diagram of the accident scene; and a flash drive containing a police badge camera recording of an officer administering a field sobriety test to Mrs. Collier and three radio transmissions between Officer Johnson and the department dispatcher.

Following the close of evidence, the trial court took the matter under advisement. In an eleven-page judgment, the trial court set forth detailed reasons for ruling against Officer Johnson. Stated succinctly, the trial court found that Officer Johnson failed to prove that "her emergency lights were activated or, if so, when they were activated"; that Officer Johnson was not responding to an emergency call as contemplated by La.R.S. 32:24; that Officer Johnson's actions were thus measured by the standard of ordinary care, and not gross negligence or reckless disregard for the safety of others; and that Officer Johnson was 100% at fault. Costs of court were divided equally among the parties. This appeal followed. Mrs. Collier and Progressive cross appealed.

## ASSIGNMENTS OF ERROR

Officer Johnson assigns the following as errors: the trial court manifestly erred in finding that she did not comply with La.R.S. 32:24; the trial court manifestly

erred in finding Mrs. Collier 0% at fault; and the trial court erred in not awarding Officer Johnson damages.

Mrs. Collier and Progressive assert that the trial court erred in assessing them with 50% of the costs of court.

## DISCUSSION AND ANALYSIS

Drivers of emergency vehicles are authorized to proceed past stop signs or red lights "after slowing down or stopping as may be necessary for safe operation," exceed the speed limit, and "[d]isregard regulations governing the direction of movement or turning in specified directions." La.R.S. 32:24(B). These privileges only apply when the emergency vehicle is using audible or visual signals "sufficient to warn motorists of their approach[.]" La.R.S. 32:24(C). Lastly, La.R.S. 32:24(D) admonishes, "The foregoing provisions shall not relieve the driver or rider of an authorized vehicle from the duty to drive or ride with due regard for the safety of all persons, nor shall such provisions protect the driver or rider from the consequences of his reckless disregard for the safety of others."

Whether the conduct of the driver of an emergency vehicle should be assessed by the reckless disregard standard of La.R.S. 32:24(D) or by the standard of ordinary negligence is a question of fact and is reviewed under the manifest error standard. *Janise v. Acadian Ambulance Serv., Inc.*, 17-1100 (La.App. 3 Cir. 4/25/18), 244 So.3d 541

The trial court's findings of fact may not be disturbed on appeal in the absence of manifest error. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). Reasonable inferences and reasonable assessments of the credibility of witnesses may not be disturbed by a court of appeal, even if it is convinced that its inferences and assessments are as reasonable. *Id.* In determining whether a trial court has manifestly erred, the court

5

of appeal must look to the entire record to determine whether it reflects a reasonable basis for those findings. *Id.* If there are two permissible views of the evidence, the trier of fact's determination "cannot be manifestly erroneous or clearly wrong." *Id.* at 844.

Officer Johnson testified that her emergency lights were activated before she entered the intersection. Mrs. Collier testified that she saw no emergency lights. The trial court found that Officer Johnson failed to carry her burden of proving that she had activated them. In light of the record as a whole, we find that the trial court did not manifestly err. The objective evidence does not prove when the lights were activated. The patrol car's black box does not record that and no dashcam video was introduced. The objective evidence does show, however, that Officer Johnson was almost certainly talking on her cell phone at the time of the collision. The accident occurred after dark, and Officer Johnson testified that her lights were activated at their highest setting.

Following the collision, Mrs. Collier was subjected to a field sobriety test at the corner of a nearby building. The video of that field sobriety test shows the area flooded with emergency lights reflecting off the adjacent walls. Had Officer Johnson's lights been activated, it is doubtful that anyone could have failed to see them. Emergency vehicles are equipped with those lights for the very purpose of dramatically increasing the vehicle's visibility, and those lights are designed to provide maximum visibility.

We find no manifest error in the trial court's determination that Officer Johnson did not prove that her emergency lights were activated.

Similarly, the trial court found that Officer Johnson was not responding to an emergency. She did not radio her department to report that the purported assailant

was at the hospital. We consider equally telling the fact that after the collision, no one from the Natchitoches Police Department went to the hospital to determine whether the assailant was there. We find no manifest error in this finding.

The allocation of fault in a tort case is reviewed under the manifest error standard. *Layssard v. State, Dep't of Pub. Safety and Corr.*, 07-87 (La.App. 3 Cir. 8/8/07), 963 So.2d 1053, *writ denied*, 07-1821 (La. 11/9/07), 967 So.2d 511. Mrs. Collier was proceeding into the intersection with a green light, obeying the speed limit, and was in her lane of travel. The driver with the right of way may assume that another driver will obey a traffic control device, and "may indulge in this assumption until [she] knows or has reason to know that the approaching motorist will violate [her] right of way. *Pitre v. Gov't Employees Ins. Co.*, 596 So.2d 256, 260 (La.App. 3 Cir.), *writ denied*, 600 So.2d 685 (1992). Under the circumstances of this case, we can find no manifest error in the trial court's assessment of fault. Officer Johnson's arguments about the allocation of fault are all predicated on the usage of her emergency lights.

Because we find that the trial court did not err in finding no fault on the part of Mrs. Collier, Officer Johnson's remaining assignment of error is rendered moot.

We now turn to the assignment of error asserted by Mrs. Collier and Progressive, who contend that the trial court erred in assessing them with an equal share of the court costs. Louisiana Code of Civil Procedure Article 1920 governs the taxing of court costs, and provides, "Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause. Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable." Regarding the assessment of costs against a prevailing party, this court has stated:

7

A trial court's assessment of costs will not be disturbed absent an abuse of discretion. *Ford v. State Dept. of Public Safety,* 00–1546 (La.App. 3 Cir. 6/5/02), 819 So.2d 1156. "However, jurisprudence has also established that when a prevailing party is taxed with the costs of litigation, it is usually because the party in some way incurred additional costs pointlessly or engaged in other conduct which justified an assessment of costs against that litigant." *Id.* at 1157 (citing *Henderson v. Louisiana Downs, Inc.,* 566 So.2d 1059 (La.App. 2 Cir.), *writ denied,* 569 So.2d 984 (La.1990)).

The plaintiff did not prevail on his claim against the defendants. Nor does the record demonstrate that the defendants caused additional costs to be incurred. The record does not contain any indication on what the assessment of costs to the defendants was based. Thus, we find that the apportionment of any costs to the defendants is not supported by the record. We amend the judgment to reflect assessment of all costs to the plaintiff.

*Haas v. Romero*, 07-974, pp. 9-10 (La.App. 3 Cir. 2/20/08), 977 So.2d 196, 202, *writ denied*, 08-0650 (La. 6/6/08), 983 So.2d 917. The trial court made no finding that Mrs. Collier or Progressive engaged in conduct that justified the assessment of costs against them. Accordingly, as in *Haas*, we amend to assess all trial costs to Officer Johnson.

The trial court did not manifestly err in finding that Officer Johnson did not prove that she had activated her emergency lights, in finding that Mrs. Johnson was not responding to an emergency, or in assessing Officer Johnson with 100% of the fault in this collision. The judgment is affirmed, with the amendment that all trial costs be taxed to Plaintiff/Appellant, Susan Johnson. All costs of this appeal are similarly taxed to Plaintiff/Appellant, Susan Johnson.

**AFFIRMED AS AMENDED.**